DJW/1

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| A. H., a Minor, by and through his next friends and natural parents Steven Hohe and Velvet Hohe, et al., | Civil Action |
| Plaintiffs, | Case No. 09-2517-DJW |
| v. | |
| KNOWLEDGE LEARNING CORP., d/b/a Children's World Learning Center, also d/b/a Kindercare Learning Center, | |
| Defendant. | |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiffs' Motion for an Order Finding Lucretia Hinson in Contempt of Court (ECF No. 109). Plaintiffs seek, pursuant to Federal Rule of Civil Procedure 45(e), an order holding Ms. Hinson in contempt of court for failing to obey a subpoena to appear for her deposition and produce documents. For the reasons set forth below, the motion is denied.

**I.     Background Information**

This is a negligence action brought by a minor child, A. H., by and through his father and mother and "next friends" Steven and Velvet Hohe. The action is also brought by Steven Hohe and Velvet Hohe, individually. Plaintiffs' Complaint alleges that A. H. was subjected to abuse by an employee of Defendant while at a child care facility owned and operated by Defendant. Plaintiffs sue for negligent hiring and supervision and for negligence per se.

Plaintiffs claim that a non-party, Lucretia Hinson, witnessed the alleged abuse of A. H. On July 19, 2010, Plaintiffs issued a subpoena duces tecum to Lucretia Hinson commanding her to

testify at a deposition on August 11, 2010 and to provide certain documents.[1] The subpoena was issued from the District of Kansas, and directed Ms. Hinson to appear to testify at a deposition at the offices of Plaintiffs' counsel in Kansas City, Missouri. The subpoena also directed Ms. Hinson to bring various documents in her possession to the deposition. The subpoena was personally served on Ms. Hinson at her residence in Kansas City, Kansas, along with a $40.00 check for the witness fee.

Ms. Hinson did not appear for her deposition, and she did not file a motion to quash the subpoena. Plaintiffs now move for an order holding Ms. Hinson in contempt, and they ask the Court to issue a Writ of Body Attachment in order to compel her attendance at a deposition.

**II.     Applicable Law and Discussion**

As a threshold and deciding matter, the Court finds that the subpoena is invalid and therefore unenforceable. The subpoena issued out of this Court for a deposition and production of documents that were to take place in Kansas City, Missouri, which is located in the Western District of Missouri.

Federal Rule of Civil Procedure 45(a)(2) governs the court from which a subpoena must be issued. It provides in pertinent part:

A subpoena must issue as follows:

\* \* \*

B) for attendance at a deposition, from the court for the district where the deposition is to be taken; and

---

[1] *See* Subpoena, attached as Ex. A to Pl.'s Mot. for an Order Finding Lucretia Hinson in Contempt of Court (ECF No. 109).

(C) for production or inspection, if separate from a subpoena commanding a person's attendance, from the court for the district where the production or inspection is to be made.[2]

In other words, a subpoena which commands a non-party to appear to give deposition testimony and to produce documents at the deposition must be issued by the court in the district where the deposition is to be held.

The subpoena in this case commanded Ms. Hinson to appear to give testimony and to produce documents in Kansas City, Missouri. The subpoena, however, was issued from this district. The proper procedure in this matter would have been for the subpoena to issue from the Western District of Missouri, and for any motion for contempt to be filed with that court.[3]

Because the subpoena was not issued from the district wherein the deposition was to take place, the subpoena is facially invalid.[4] Furthermore, because the subpoena is facially invalid, it is unenforceable.[5] Thus, no order for contempt may issue from this Court.[6] The fact that Ms. Hinson

---

[2] Fed. R. Civ. P. 45(a)(2)(B).

[3] Fed. R. Civ. P. 45(e) provides that "[t]he issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena."

[4] *See U. S. Bancorp Equip. Fin., Inc. v. Babylon Transit, Inc.*, No. CV 05-3489(FB) (ETB), 2010 WL 3081667, at *3 (E. D. N. Y. Aug. 4, 2010) (holding subpoenas issued from Eastern District of New York invalid where they required nonparties to give deposition testimony and produce documents in Southern District of New York); *Apache Corp. v. Globalsantafe Drilling* Co., No. 06-1643, 2009 WL 872893, at *3 (W. D. La. Mar. 6, 2009) (holding subpoena issued from Western District of Louisiana invalid where it required nonparty to give deposition testimony and produce documents in Northern District of Texas); *Am. Nat. Ins. Co. RBS Citizens, N.A.*, No. 08-70S, 2008 WL 3992786, at *1 (D. R. I. Aug. 21, 2008) (holding subpoena duces tecum issued from District of Rhode Island invalid where it commanded non-party to produce documents in Texas); *NFLC, Inc. v. Devcom Mid-Am., Inc.*, No. 93-C-0609, 1994 WL 188478, at *7 (N.D. Ill. May 11, 1994) (holding subpoena issued from Northern District of Illinois invalid where it commanded nonparty to appear for deposition in Northern District of Texas).

[5] *U.S. Bancorp*, 2010 WL 3081667, at *3 (holding facially invalid subpoena unenforceable); (continued...)

never objected to or moved to quash the subpoena does not change this result.[7] Accordingly, the Court must deny Plaintiffs' motion.

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion for an Order Finding Lucretia Hinson in Contempt of Court (ECF No. 109) is denied.

**IT IS SO ORDERED.**

Dated in Kansas City, Kansas on this 8th day of October, 2010.

s/David J. Waxse
David J. Waxse
U.S. Magistrate Judge

cc:    All counsel and pro se parties

---

[5](...continued)
*Apache,* 2009 WL 872893, at *3 ("Since the subpoena is facially invalid under Rule 45(a)(2)(B) and (C), this court has no authority to enforce it.").

[6]*See Garcia v. Am. Security Ins. Co.*, No. 09-cv-268-FTM-29PSC, 2010 WL 2991567, at *1-2 (M.D. Fla., July 27, 2010) (denying motion for contempt where subpoena issued out of the Middle District of Florida, but required non-party to give deposition testimony and provide documents in Delaware); *see also U.S. Bancorp*, 2010 WL 3081667, at *3-4 (denying motion to compel compliance with subpoenas where subpoenas issued from wrong district); *NFLC,* 1994 WL 188478, at *7 (denying motion to compel nonparty to show cause why he should not be held in contempt where subpoena issued from wrong district).

[7]*U.S. Bancorp*, 2010 WL 3081667, at *3 (deeming subpoenas invalid and unenforceable notwithstanding fact that the subpoenaed parties never moved to quash them).