**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| A. H., a Minor, by and through<br>his next friends and natural parents<br>Steven Hohe and Velvet Hohe, et al., | Civil Action |
| **Plaintiffs,** | No. 09-2517-DJW |
| v. | |
| KNOWLEDGE LEARNING CORP.,<br>d/b/a Children's World Learning Center,<br>also d/b/a Kindercare Learning Center, | |
| **Defendant.** | |

<u>**MEMORANDUM AND ORDER**</u>

This matter is before the Court on Plaintiffs' Motion to Compel Discovery (ECF No. 97). Plaintiffs seek an order compelling Defendant to produce for inspection and copying all documents responsive to Plaintiff's Third Request for Production Nos. 10-14 and 21. For the reasons set forth below, the motion is granted in part and denied in part.

**I.     Introduction**

This is a negligence action brought by a minor child, A. H., by and through his father and mother and "next friends" Steven and Velvet Hohe. The action is also brought by Steven Hohe and Velvet Hohe, individually. Plaintiffs' Complaint alleges that A. H. was subjected to abuse by an employee of Defendant while at a child care facility owned and operated by Defendant. Plaintiffs sue for negligent hiring and supervision and for negligence per se.

Plaintiffs assert that Defendant's responses and objections to their Third Requests for Production were served after the applicable deadline, and, thus, any objections have been waived. Alternatively, if the Court finds no waiver, Plaintiffs argue that the objections Defendant asserted are not supported and/or invalid and should therefore be overruled.

Defendant counters that the parties agreed to an extension of time and that, in accordance with that agreement, Defendant timely served its responses and objections. Defendant therefore argues that no waiver occurred. Finally, Defendant also argues that Plaintiffs failed to confer with Defendant about the responses and objections in dispute, as required by Federal Rule of Civil Procedure 37(a)(1) and D. Kan. Rule 37.2, and, thus, the Court should decline to entertain Plaintiffs' motion. Finally, Defendant asserts that in the event the Court chooses to entertain Plaintiffs' motion, the Court should sustain Defendant's objections.

## II.     Should the Court Decline to Entertain the Motion for Failure to Confer?

The Court strongly questions whether Plaintiffs' attorneys actually satisfied their duty to confer with defense counsel before filing the Motion to Compel. However, given the views expressed in the briefing on this matter and the fact that this case is set for a pretrial conference on October 28, 2010, the Court is convinced that any further discussion among counsel would not resolve the dispute and would only serve to delay resolution of this discovery dispute. The Court, in its discretion, therefore chooses to proceed to entertain the motion and will determine the motion on its merits.[1] The Court respectfully reminds counsel that they must strictly adhere to their Rule 37.2 duties in the future.

## III.     Did Defendant Waive Its Objections by Failing to Timely Respond to the Requests?

### A.     Background Information

Plaintiffs served their Third Request for Production of Documents on June 11, 2010. Pursuant to Federal Rules of Civil Procedure, Defendant's written responses were due thirty-three

---

[1]*See White v. Graceland Coll. Ctr. for Prof'l Dev. & Lifelong Learning, Inc*., No. 07-2319, 2009 WL 722056, at *2 (D. Kan. Mar. 18, 2009) (entertaining motion to compel despite parties' failure to confer in order to prevent further delay and where it appeared unlikely that conferring would resolve the dispute); *Strasburg-Jarvis, Inc. v. Radiant Sys., Inc*., No. 06-2552, 2009 WL 129361, at *2 (D. Kan. Jan. 20, 2009) (entertaining motion to compel despite parties' failure to confer).

days later, on July 14, 2010.[2]  Defendant, however, did not respond until August 4, 2010.  On that date, Defendant served its written responses via e-mail and U.S. Mail.  Defendant produced documents in response to some of the requests and objected to other requests.

In their Motion to Compel, Plaintiffs contend that Defendant waived the right to assert its objections by not timely asserting them.  In response, Defendant argues in its opposition brief that the parties had agreed to an extension of time so that Defendant could serve its responses (which included objections) on August 4, 2010.  Plaintiffs concede that the parties agreed to an extension of time; however, Plaintiff contends the agreement was that Defendant would *produce all responsive documents* on August 4, 2010.  Thus, according to Plaintiffs, this meant Defendant would not be asserting objections or withholding documents based on objections.

The parties did not file a stipulation extending the deadline nor did Defendant file a motion for extension of time, and, thus, there is no record of the extension in the Court record.  Because there is no stipulation or Court Order memorializing the extension and because the parties dispute the terms of the agreement, the Court must consider the following facts and communications between counsel regarding this issue.

As noted above, Defendant's responses were due on July 14, 2010.[3]  As of July 19, 2010, Defendant had still not served it responses.  On the 19th, Plaintiffs telefaxed a letter to Defendant informing Defendant that the responses were overdue and asking Defendant to please forward its

---

[2]Pursuant to Fed. R. Civ. P. 34(b)(2)(A), a party must respond in writing to requests for production within thirty days of service of the requests.  However, pursuant to Fed. R. Civ. P 6(d), three days are added to that thirty-day period when the requests are served by mail under Rule 5(b)(2)(C) or electronically under Rule 5(b)(2)(E).

[3]Plaintiffs erroneously assert that the responses were due on July 12, 2010.  Plaintiffs do not explain how they calculated that due date.  It is possible that Plaintiffs did not include the additional three days for mailing.

responses as soon as possible.[4]  Plaintiffs also asked Defendant to let Plaintiff know when counsel could expect to receive the responses.  Defendant responded in a letter dated July 23, 2010 stating: "I will try to have the materials to you on your Third Request for Production of Documents within the next ten days" [by August 2, 2010].  Please advise if that is not acceptable."[5]

On July 28, 2010, Plaintiff telefaxed a letter to Defendant reminding Defendant that several depositions were scheduled for August 11, 2010, and stating: "I have called your office to see if it is possible to receive our responses by noon on Friday, before taking the matter up with the Court."[6]

The following day, on July 29, 2010, the parties conferred by phone and they reached an agreement (or at least believed they had reached an agreement) regarding the overdue responses. According to Plaintiffs, the parties agreed that the "the documents would be received on or before noon on August 4, 2010."[7]  Plaintiff telefaxed a letter to Defendant on July 29, 2010, confirming their discussion.  That letter stated:

> I received your letter of July 23 2010, stating that you would try to have the responsive documents to Plaintiffs' Third Request for Production to our office within ten days.
>
>  * * * *
>
> Pursuant to our conversation today, counsel agreed that if our office is not *in receipt of all responsive documents* via U.S. Mail and/or e-mail (not telefax) before 12:00 noon on Wednesday, August 4th, Plaintiffs will file an expedited motion to compel and seek other relief as necessary.[8]

---

[4]Pl.s' Mot. to Compel (ECF No. 97), Ex. 1.

[5]*Id.*, Ex. 2

[6]*Id.*, Ex. 3

[7]*Id.* at 3.

[8]*Id.*, Ex. 4 (emphasis added).

Defendant did not respond to this letter. Defendant proceeded to serve written responses on Plaintiffs before noon on August 4, 2010 via e-mail and U.S. Mail. As noted above, Defendant produced some documents in response to several of the requests. Defendant, however, objected to Third Requests No. 10-14 and 21 and, relying on its asserted objections, produced no documents in response to them.

Defendant argues in its opposition to the Motion to Compel that it did not waive its objections because the parties "agreed to an extension of time for Defendant to respond."[9] Defendant maintains that this agreement contained the implicit agreement that its written responses could contain objections and that documents could, of course, be withheld on the basis of those objections.

## B.    Applicable Law

Federal Rule of Civil Procedure 34(b)(2)(A) governs the time to respond to requests for production. It provides: "The party to whom the request is directed must respond in writing within 30 days after being served. A shorter or longer time may be stipulated to under Rule 29 or be ordered by the court."[10] Rule 34(b)(2)(B) governs the contents of the responses and states that "[f]or each item or category, the response must either state that inspection and related activities will be permitted as requested or state an objection to the request, including the reasons."[11]

---

[9]Def.'s Resp. to Pls.' Mot. to Compel (ECF No. 104) at 3.

[10]Fed. R. Civ. P. 34(b)(2)(A). This Court's local rules require that any stipulation extending a deadline be approved by the Court. *See* D. Kan. Rule 6.1(c).

[11]Fed. R. Civ. P. 34(b)(2)(B).

In light of the above, the general rule is that the failure to object to requests for production within the time required constitutes a waiver of any objection.[12] Thus, a court "generally overrules objections which are untimely."[13] Courts, however, have held that waiver is not automatic,[14] and it is within the court's discretion to examine the circumstances surrounding the objections and determine whether the waiver should be excused based on good cause or excusable neglect.[15]

## C. Discussion

It is undisputed that Defendant did not serve its responses and objections by the July 14, 2010 deadline. It is also undisputed that no stipulation or order was on file extending that deadline. Therefore, the Court finds that Defendant waived the right to assert its objections. The Court, however, finds good cause for relief from waiver in this case because Defendant had a good faith belief that Plaintiff had agreed to extend the time to respond to the requests for production, which implicitly included the right to assert objections. The letters exchanged between counsel are

---

[12]*Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1473 (9th Cir. 1992) ("It is well established that a failure to object to discovery requests within the time required constitutes a waiver of any objection.") (citation omitted); *First Sav. Bank, FSB v. First Bank Sys., Inc.*, 902 F.Supp. 1356, 1360 (D. Kan. 1995) ("When a producing party fails to make a timely and proper objection, a court may find that the party has waived any objections to a document request under Rule 34.") (citation omitted).

[13]*Mike v. Dymon, Inc.*, No. 95-2405-EEO, 1996 WL 674007, at *1 (D. Kan. Nov. 14, 1996).

[14]*See, e.g., Vasquez-Fernandez v. Cambridge Coll., Inc.*, 2010 WL 3398813, at *10 (D. P. R. Aug. 30, 2010) (citation omitted).

[15]*See, e.g., Osborne v. Bartos*, No. CV-08-2193-PAX-ROS (JRI), 2010 WL 3809847, at *7-9 (D. Ariz. Sept. 20, 2010) (applying excusable neglect standard to determine whether delinquent responses to requests for production should be excused); *Brown v. Stroud*, No. C-08-02348-VRW (DMR), 2010 WL 3339524, at *1 (N.D. Cal. Aug. 24, 2010) ("Although Rule 34 does not expressly provide for any relief from a waiver of objections as does Rule 33, courts have granted such relief upon a showing of good cause."); *Blumenthal v. Drudge*, 186 F.R.D. 236, 240 (D. D.C. 1999) (applying to Rule 34(b) requests for production the principle set forth in Rule 33(b)(4) that a court may excuse a failure to timely object for good cause).

somewhat ambiguous and could be construed to mean different things:  (1) that Defendant was required to produce all documents without any objections on August 4, 2010 or (2) that Defendant was  allowed to provide its written responses, along with any written objections, on that date.

At the same time, the Court finds that Defendant exposed itself to some risk by not filing a formal motion for extension of time or entering into and filing a written stipulation with Plaintiff, as expressly contemplated by Rule 34(b)(2)(A).  Such a motion for extension and any order granting the motion, or any such stipulation, would have made it clear what was due from Defendant on August 4, and, thus, this issue could have easily been avoided.  However, under the circumstances of this case, the Court cannot find that Defendant acted with bad faith.  Nor does the Court believe that Defendant should face the harsh penalty of waiver for not filing such a motion or stipulation. The Court therefore finds good cause in this instance to relieve Defendant from application of the waiver doctrine.

## IV.    Should Defendant's Objections Be Sustained?

Having found that Defendant's objections were not waived, the Court will now turn to the merits of the objections.  The Court will address the requests in the order that the parties discussed them in their briefing.

### A.    Third Request No. 11

Request No. 11 seeks "[a]ll documents reflecting days and times worked by employee Cathleen Vincent, including but not limited to payroll stubs and monthly clock in and out time." Defendant objected to this request as follows:  "Objection.  This request is overbroad and unduly burdensome in that it is not limited in time.  Further, it seeks information that is irrelevant and not likely to lead to the discovery of admissible evidence."

Plaintiffs contend these records pertaining to Cathleen Vincent are relevant because Ms. Vincent is the employee of Defendant who allegedly physically abused A. H. at Defendant's daycare facility. Plaintiffs further assert that "the facts of the case are hotly contested as to Cathleen Vincent's dates of employment and the dates that she abused 2 year-old A. H."[16] Plaintiffs contend the requested records would show when Ms. Vincent was working at the daycare facility and caring for A. H. They would also show whether she was present during any of the alleged training sessions regarding child abuse and neglect. Plaintiffs explain that these records are extremely important because Defendant has not produced any employment records for Ms. Vincent and has in fact represented to Plaintiffs that Ms. Vincent's employment file was stolen or removed by an unknown person from Defendant's daycare facility. Finally, Plaintiffs contend that the request cannot be considered unduly burdensome or overly broad because, according to Defendant, Ms. Vincent was employed by Defendant for only a three-month period, from March 23, 2006 to June 23, 2006.

Defendant confirms that these employment dates are correct and states that Plaintiffs received this information from Defendant. Because Plaintiffs possess this information, Plaintiffs have no need for these additional documents. Indeed, Defendant states that "the requested detailed income and financial documents and payroll stubs lend nothing to Plaintiffs' case and only create difficulties for Defendant to sift through boxes" in search of these documents.[17] Defendant further states that "[i]t is clearly a burden to track down all of these tedious, irrelevant and immaterial documents."[18]

     *1.    Relevance*

---

[16]Pls.' Reply (ECF No. 113) at 4.

[17]Def.'s Resp. to Pls.' Mot. to Compel (ECF No. 104) at 5.

[18]*Id.* at 6.

Federal Rule of Civil Procedure 26(b)(1) provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . ." Relevancy is broadly construed during the discovery phase, and a request for discovery should be considered relevant if there is "any possibility" that the information sought may be relevant to the claim or defense of any party.[19] When the discovery sought appears relevant on its face, the party resisting the discovery has the burden to establish that the requested discovery does not come within the scope of relevance as defined under Rule 26(b)(1), or is of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure.[20] Conversely, when the relevancy of the requested discovery is not readily apparent, the party seeking the discovery has the burden to show the relevancy of the request.[21]

The Court finds that the relevancy of the requested documents is not readily apparent on the face of the request. Thus, Plaintiffs have the burden to show how the requested documents are relevant. The Court finds that Plaintiffs have sufficiently shown how the documents are relevant under the liberal standard set forth above, particularly since Defendant has been unable to provide Plaintiffs with Ms. Vincent's employment file due to it being stolen or removed by an unknown person from the daycare facility. The Court therefore overrules Defendant's relevance objection.

2.      *Not likely to lead to the discovery of admissible evidence*

---

[19]*Jones v. Wet Seal Retail, Inc.,* 245 F.R.D. 724, 725 (D. Kan. 2007); *Cardenas v. Dorel Juvenile Group,* 232 F.R.D. 377, 382 (D. Kan. 2005); *Owens v. Sprint/United Mgmt. Co*, 221 F.R.D. 649, 652 (D. Kan. 2004).

[20]*Johnson v. Kraft Foods N. Am., Inc*., 238 F.R.D. 648, 653 (D. Kan. 2006); *Cardenas,* 232 F.R.D. at 382; *Owens*, 221 F.R.D. at 652.

[21]*Johnson*, 238 F.R.D. at 653; *Cardenas*, 232 F.R.D. at 382; *Owens*, 221 F.R.D. at 652.

In addition to objecting to the requested time records as irrelevant, Defendant asserts the objection that the requested documents are "not likely to lead to the discovery of admissible evidence." The Court finds that this objection is invalid on its face. The phrase "not likely to lead to the discovery of admissible evidence" is taken from Federal Rule of Civil Procedure 26(b)(1). As noted above, Rule 26(b)(1) provides that parties are allowed to obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense.[22] The Rule further states that "[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."[23] This statement merely reflects the principle that "it is not ground for [a discovery] objection that the information sought will be inadmissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence."[24] It is not an independent requirement that the discovery be reasonably calculated to lead to the discovery of admissible evidence. Thus, an objection that a discovery request is not reasonably calculated to lead to the discovery of admissible evidence is not a valid objection. The Court therefore overrules this objection.

3.    *Undue burden*

---

[22]Fed. R. Civ. P. 26(b)(1).

[23]*Id.*

[24]8 Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, *Federal Practice and Procedure* § 2008 at 145 (3d ed. 2010).

In support of its undue burden objection, Defendant states that responding to this request would "create difficulties for Defendant to sift through boxes" of documents[25] and that it will "clearly [be] a burden to track down all of these tedious, irrelevant and immaterial documents."[26]

The Court finds that Defendant has failed to support its undue burden objection. It is well established that a party asserting undue burden in response to a discovery request must support the objection by showing not only "undue burden or expense," but also that the burden or expense is unreasonable in light of the benefits to be secured from the discovery.[27] This typically requires providing a detailed explanation or an affidavit or other evidentiary proof of the expense or time involved in responding to the discovery request.[28]

Here, Defendant makes no genuine attempt to provide any explanation, let alone any evidence or affidavit, demonstrating that providing the requested documents would be burdensome, time-consuming, or expensive. Merely stating that it would be difficult for Defendant to "sift through boxes" and "track down" the documents is insufficient to meet its burden. Furthermore, the Court notes that Ms. Vincent was employed by Defendant for only three months. The Court fails to see how producing these documents for such a short period of time would be unduly burdensome. The Court therefore overrules this objection.

### 4. *Overbreadth*

---

[25] Def.'s Resp. to Pls.' Mot. to Compel (ECF No. 104) at 5.

[26] *Id.* at 6.

[27] *Manning v. Gen. Motors,* 247 F.R.D. 646, 654 (D. Kan. 2007); *Cardenas v. Dorel Juvenile Group, Inc.*, 232 F.R.D. 377, 380 (D. Kan. 2005); *Swackhammer v. Sprint Corp. PCS,* 225 F.R.D. 658, 666 (D. Kan. 2004).

[28] *Cardenas*, 232 F.R.D. at 380; *Swackhammer*, 225 F.R.D. at 666.

Defendant's final objection is that the request is overly broad. As the party making this objection, Defendant has the burden to support it.[29] This includes any objection to the temporal scope of the request.[30]

Defendant does not address this objection with respect to Ms. Vincent other than to state that the request is unlimited in time. This alone is insufficient to meet its burden. In any event, the Court has already found the requested documents to be relevant, and Defendant does not dispute that Ms. Vincent was employed for only a three-month period. The Court fails to see how it is overly broad for Plaintiff to seek time records for that short period of time when the claimed abuse of A. H. allegedly occurred during that same time period.[31] The Court therefore overrules Defendant's overbreadth objection.

In light of the above, the Court grants the Motion to Compel as to Third Request No. 11. Defendant shall produce all documents responsive to this request within **fourteen (14) days** of the date of this Order.

### B.     Third Request No. 12

In this request, Plaintiffs seek the same documents requested in Third Request No. 11 but for employees Becky Stiner and Lucretia Hinson. Defendant asserted the same objections it asserted in response to Third Request No. 11.

---

[29] *MGP Ingredients, Inc. v. Mars, Inc.*, No. 06-2318-JWL-DJW, 2007 WL 3231568, at *3, n.10 (D. Kan. Oct. 30, 2007); *Stoldt v. Centurion Indus., Inc.*, No. 03-2634-CM-DJW, 2005 WL 375667, at *2 (D. Kan. Feb. 3, 2005); *Hammond v. Lowe's Home Ctrs., Inc.*, 216 F.R.D. 666, 672 (D. Kan. 2003).

[30] *Stoldt*, 2005 WL 375667, at *2.

[31] *See* Compl. (ECF No. 1) ¶¶ 14, 17.

### 1.	Relevance

Plaintiff explains that Becky Stiner and Lucretia Hinson were co-workers of the alleged abuser Cathleen Vincent who witnessed the alleged abuse. Ms. Stiner and Ms. Hinson also reported the alleged abuse to the Kansas Department of Social and Rehabilitation Services. According to the Complaint, this abuse occurred in June 2006, and was reported to the Kansas Social and Rehabilitation Service in mid-July 2006.[32]

Plaintiffs assert that the requested time records will be relevant to show when Ms. Stiner and Ms. Hinson may have been working with the alleged abuser, Cathleen Vincent, in the daycare facility, and when they have would have cared for A. H. According to Plaintiffs, the dates that Ms. Vincent allegedly abused A. H. are highly contested, and these time records may shed light on when the alleged abused occurred. Plaintiffs also contend that the records may show whether Ms. Stiner and Hinson were present during any of the claimed training concerning child abuse and neglect. Plaintiffs maintain that the requested documents are important because Defendant has not been able to produce these employees' employment files because they were either stolen or removed from the daycare facility by an unknown person.

The Court finds that Plaintiffs have sufficiently shown how the documents are relevant under the broad relevancy standard discussed above, particularly since Defendant has been unable to provide Plaintiffs with these employees' employment files. The Court therefore overrules Defendant's relevance objection.

### 2.	Not likely to lead to the discovery of admissible evidence

For the same reasons discussed above with respect to Third Request No. 11, the Court overrules this objection.

---

[32]Pl.'s Compl. (ECF No. 1) ¶ 14.

*3.      Undue burden and overbreadth*

Defendant makes the same undue burden and overbreadth arguments with respect to Ms. Stiner and Ms. Hinson's records as it did for Ms. Vincent's records. Defendant makes an additional argument with respect to Ms. Hinson's records, stating that it would be burdensome to have to produce "each and every time card, schedule [and] time sheet" for the period of Ms. Hinson's employment with Defendant.

Plaintiff disputes Defendant's undue burden claims, arguing that Ms. Stiner was employed only for one year, from July 15, 2005 through July 2006, and Ms. Hinson for only a year and a half, from November 18, 2004 through July 2006, and that Defendant has failed to demonstrate how locating and producing documents for these short periods of time would be burdensome.

The Court finds that Defendant has failed to meet its burden to show undue burden. However, the Court does find the requests to be overbroad on their face as to temporal scope. The Complaint states that Defendant provided child care services for A. H. beginning on January 30, 2006. The Court fails to see how time records for these employees that predate that period would be pertinent. The Court will therefore limit the temporal scope of this request to the period January 30, 2006 through the date of termination of Ms. Stiner and Ms. Hinson in July 2006.

In light of the above, the Court compels Defendant to produce the requested documents for Ms. Stiner and Ms. Hinson for the period January 30, 2006 through their dates of termination in July 2006. Defendant shall produce these documents within **fourteen (14) days** of the date of this Order.

## C.      Third Request No. 13

This request seeks "[a]ll unemployment documents sent to or received from Knowledge Learning Corporation concerning employees Cathleen Vincent, Becky Stiner, [and] Lucretia Hinson." Defendant objected on the basis that the request "is overbroad and unduly burdensome

in that it is not limited in time." Defendant also objected on the basis that the request seeks irrelevant information and information that is not likely to lead to the discovery of admissible evidence.

### 1. *Not likely to lead to the discovery of admissible evidence*

For the same reasons discussed above with respect to Third Request No. 11, the Court overrules this objection.

### 2. *Relevance, undue burden, and overbreadth*

The Court does not find that the relevance of the requested "unemployment documents" is apparent on the face of this request. Plaintiff therefore has the burden to show how the requested documents are relevant.[33] Plaintiff does not discuss, either in its initial brief or its reply brief, how the requested documents for Becky Steiner or Lucretia Hinson are relevant. The Court therefore sustains Defendant's relevance objection to this request to the extent it seeks documents concerning Becky Stiner and Lucretia Hinson.

With respect to the requested "unemployment records" of Cathleen Vincent, Plaintiff asserts that they are "highly relevant" because they will establish when she worked in the daycare facility caring for A. H. and "whether she was in fact fired or terminated" from her employment with Defendant.[34] According to Plaintiffs it is unclear whether Ms. Vincent was terminated or resigned.

In response, Defendant argues that Plaintiffs could have simply "inquired" as to whether Ms. Vincent was terminated and that there are other "discovery mechanisms" through which Plaintiffs could determine whether Ms. Vincent resigned or was terminated. Defendant argues that it should

---

[33]*See Johnson*, 238 F.R.D. at 653 (when the relevance of the requested discovery is not relevant on its face, the requesting party bears the burden to show how it is relevant; *Cardenas*, 232 F.R.D. at 382 (same); *Owens*, 221 F.R.D. at 652 (same).

[34]Pl.s' Mot. to Compel (ECF No. 97) at 7.

not have to incur the time and expense of locating and producing these records "simply to placate the Plaintiffs."[35]

The Court does not find that the requested "unemployment documents" are relevant to show when Ms. Vincent cared for A. H., as there appears to be no dispute as to the date when Ms. Vincent's employment ended. The Court does, however, appreciate that the documents could be relevant to show whether she resigned or was terminated, which is apparently an issue in the case. The Court agrees, however, with Defendant that given the narrow issue for which the documents are sought, this request is overbroad in its overall scope and could result in the production of documents that are irrelevant to any claim or defense. The Court, however, does not agree with Defendant that the request is overbroad in terms of its temporal scope. Nor does the Court find that the request is objectionable because it is unduly burdensome, in that Defendant has not provided support for that objection.

In light of the above, the Court will limit this request to those unemployment documents that reflect, discuss or show that Ms. Vincent resigned  or was terminated from her employment. Defendant shall produce those documents within **fourteen (14) days** of the date of this Order. The Motion to Compel is therefore granted in this respect but denied as to all others.

### D.     Third Request No. 10

This request seeks "[a]ll annual child abuse and neglect screenings submitted by Defendant from January 2006 through December 2006 for employees employed at the 6350 Long location Children's World in Shawnee, Kansas." The 6350 Long location is the facility that A. H. attended and where the alleged abuse occurred. Defendant objected on the basis that the request is overbroad

---

[35]Def.'s Resp. to Pls.' Mot. to Compel (ECF No. 104) at 6.

and unduly burdensome "in that it is not limited to the employees involved in the alleged incident which is the subject matter of this suit or employees who may have had contact with A. H."

In support of their Motion to Compel, Plaintiffs explain that Vicki Matherly testified in her deposition that Defendant's employees "would receive training regarding child abuse and neglect including 'how to spot signs of abuse and the fact that they were mandated reporters'" twice each year, on President's Day and Columbus Day.[36]  Plaintiffs therefore contend that "any child abuse and neglect screenings" of Defendants employees in 2006 "are highly relevant to . . . to show whether the Defendant performed such child abuse and neglect screenings during the time frame surrounding minor Plaintiff A.H.'s abuse."[37]

Defendant counters in its response to the Motion to Compel that the request is overbroad because it requests records concerning employees "uninvolved in the supervision of" A. H. and are not necessary in order to merely confirm whether Defendant conducted employee training regarding child abuse.[38]  Defendant also states in its response to the Motion to Compel that it objects to this request on the basis of undue burden, but yet fails to further discuss or support that objection.

 Neither party explains what these "child abuse and neglect screenings" consist of and or whom they would have been "submitted" to.  Thus, the Court is not clear exactly what documents Plaintiffs are seeking in this request.  Defendant, however, did not object on the basis of vagueness or ambiguity, so the Court need only consider whether the request is overly broad and unduly burdensome.

Defendant makes no attempt to support its undue burden objection.  It is therefore overruled.

---

[36]Pl.s' Mot. to Compel (ECF No. 97) at 9.

[37]*Id.*

[38]Def.'s Resp. to Pls.' Mot. to Compel (ECF No. 104) at 8.

With respect to its overbreadth objection, Defendant only argues that the request is overbroad to the extent it seeks the screenings for employees who were "uninvolved in the supervision of" A. H., employees who were not "involved in the alleged incident which is the subject matter of this suit," or employees who did not have "contact with A. H." The Court agrees that the request is overbroad to the extent it seeks the screenings of those groups of employees. Defendant, however, does *not* argue that the request is overbroad to the extent it seeks the screenings for employees who were involved in supervising A. H. or involved in the alleged incident. Nor does Defendant argue that the request is overbroad to the extent it seeks the screenings for those employees who had contact with A. H.[39] Thus, the Court will grant the Motion to Compel as to the screenings for those employees. Defendant shall produce the screenings for those employees for the time period requested, and shall do so within **fourteen (14)** days of the date of this Order.

**E.      Third Request No. 14**

Third Request No. 14 seeks "[a]ll employee sign-in sheets for the training held at Children's World, 6350 Long, Shawnee, Kansas, on President's Day 2006 and Columbus Day 2006." Defendant responded by stating: "None in Defendant's possession."

Despite the fact that Defendant did not object to producing these sign-in sheets on the basis of relevance, Plaintiffs argue in its briefing that the sign-in sheets are highly relevant. Plaintiffs then state that "production of document[s] not in a party's possession is required even if a party has the practical ability to obtain the documents from another, irrespective of Defendant's legal entitlement to the documents."[40]

---

[39] *See* Fed. R. Civ. P. 34

[40] Pl.s' Mot. to Compel (ECF No. 97) at 6.

Defendant responds that it has attempted to locate documents responsive to this request but has been unable to find any. It argues that it cannot be expected to generate or fabricate responsive documents. It represents that if it should locate any responsive documents in the future, it will supplement its response.

Federal Rule of Civil Procedure 34(a)(1) permits a party to serve a request for production of documents that are "in the responding party's possession, custody or control."[41] "Control" comprehends not only possession, but also the right, authority, or ability to obtain the documents.[42] Thus, Rule 34(a) enables a party seeking discovery to require production of documents beyond the actual possession of the opposing party if such party has retained any right or ability to influence the person in whose possession the documents lie.[43] When the issue of control is in dispute, the party seeking production of the documents bears the burden of proving that the opposing party has the control required under Rule 34(a).[44]

Defendant responded to this request by merely stating that it has no such documents *in its possession*. As noted above, however, Rule 34 imposes on Defendant a duty to produce not only those documents in its "possession," but also those in its "custody or control." Thus, Defendant's response to this request is incomplete. Based on Defendant's response to the Motion to Compel, the Court assumes Defendant has no responsive documents in its possession, custody or control. If this is in fact the case, then Defendant must supplement its response to this request to make that clear.

---

[41]*Dean v. New Werner Holding Co., Inc*., No. 07-2534-JAR-GLR, 2008 WL 2560707, at *7 (D. Kan. June 26, 2008) (citing Fed. R. Civ. P. 34(a)(1)).

[42]*Id.; Super Film of Am., Inc. v. UCB Films, Inc*., 219 F.R.D. 649, 651 (D. Kan. 2004).

[43]*Dean,* 2008 WL 2560707, at *7; *Super Film*, 219 F.R.D. at 651.

[44]*Dean*, 2008 WL 2560707, at *7; *Super Film*, 219 F.R.D. at 653.

In some cases, the Court may require the responding party's supplemental response to include a sworn statement or affidavit of the party affirmatively stating that it has no possession, custody or control of the requested documents.[45] Or, the court may require the party to provide an explanation regarding the disposition of the documents so that the requesting party may determine whether to search elsewhere or determine whether a search would be futile (e.g., where all originals and copies had been destroyed).[46] It makes sense, however, to impose these stricter requirements only in those instances where the documents *are known to exist or known to have existed at least at some point in time.*

In the instant case, there is nothing in the record to indicate that the requested sign-up sheets presently exist or ever existed. Plaintiffs merely state that Vicki Matherly testified in her deposition that Defendant's employees would have received training regarding child abuse and neglect. Plaintiffs cite no deposition testimony about any sign up sheets or otherwise point to any evidence of their past or present existence. Thus, the Court will not require Defendant to provide any further explanation in its supplemental response.

If, of course, Defendant does have any responsive documents in its custody or control, then it most produce those documents. Defendant shall serve its supplemental response, and produce any responsive documents, within **fourteen (14) days** of the date of this Order.

### F.     Third Request No. 21

Third Request No. 21 states as follows:

Produce any and all photographs, videotapes, movies and surveillance concerning the abuse mentioned in the Petition. If so, state the following:

---

[45]*See Super Film*, 219 F.R.D. at 651

[46]*Id.*

20

a)      The number of photographs, videos, or movies you have;
b)      The subject matter of each photograph, video or movie;
c)      The dates the photographs, videos or movies were taken;
d)      The name and address of each photographer or videographer taking the photograph;
e)      The name and address of the present custodian of the photographs. videos, or movies.

Defendant responded: "None in the Defendant's custody and control."

In its Motion to Compel, Plaintiffs makes the same arguments with respect to these photographs and materials as it makes regarding the training sign-up sheets requested in Third Request No. 14. In addition, in its reply Plaintiffs note that "Defendant did not state in its objection that it was unaware of any such photographs, videotapes, movies and surveillance," and if Defendant "is aware" of the existence of such responsive documents then it must produce them.[47]

In its response to the Motion to Compel, Defendant responds in the same manner it responded to Third Request No. 14, by stating that it has attempted to locate documents responsive to this request but that it has been unable to locate any, and that it will supplement its response if and when it does. In addition, Defendant states that the request for *information* concerning the photographs and videos—as opposed to the photographs and videos themselves—is an improper request that goes beyond the scope of a Rule 34 document request.

As noted above, Defendant has the obligation to produce all responsive documents that are in its "possession, custody, or control." Here Defendant merely responds that it has none in its *custody or control*. It fails to indicate whether it has any in its *possession*. Thus, the Court will require Defendant to supplement its written response to indicate whether it has any responsive documents in its possession. In the event Defendant does have any responsive documents in its possession, it shall produce those documents. Whether Defendant is "aware of" any responsive

_____

[47]Pl.s' Reply (ECF No. 113) at 6.

documents is not at issue, and the Court rejects Plaintiffs argument that Defendant must produce all documents that it is "aware of."

Defendant shall serve its supplemental response and make any supplemental production within **fourteen (14) days** of the date of this Order,

The Court agrees with Defendant that the request for additional *information* concerning these photos and other materials is not proper. A Rule 34 request may ask a party "to produce and permit the requesting party . . . to inspect copy, test, or sample" documents or electronically stored information and designated tangible things.[48] Or it may request that the party be permitted entry onto designated land or property possessed or controlled by the responding party to inspect, measure, photograph, etc or property or designated object on the property.[49] Nothing in Rule 34, however, allows a party to seek *information* of the type requested. Indeed, such information must be asked in a Rule 33 interrogatory. Thus, in the event that Defendant determines it has any of the requested documents in its possession, it need not respond to subsections (a) - (e) of this request.

## V. Expenses under Rule 37

Plaintiffs do not request that they be awarded any of the attorney's fees or expenses they have incurred in bringing this motion. The Court will, nevertheless, consider the issue. Under Federal Rule of Civil Procedure 37(a)(5)(C), if a motion to compel is granted in part and denied in part, as is the case here, the court may "apportion the reasonable expenses for the motion."[50] The Court has reviewed the relevant pleadings and concludes that it is appropriate under the

---

[48]Fed. R. Civ. P. 34(a)(1)(A) & (B).

[49]Fed. R. Civ. P. 34(a)(2).

[50]Fed. R. Civ. P. 37(a)(5)(C).

circumstances for the parties to bear their own expenses, including attorney's fees, incurred in connection with the motion.

**IT IS THEREFORE ORDERED** that Plaintiffs' Plaintiffs' Motion to Compel Discovery (ECF No. 97) is granted in part and denied in part, as set forth herein.

**IT IS FURTHER ORDERED** that Defendant shall, within **fourteen) (14) days** of the date of this Order, serve all supplemental responses and produce all documents required by this Order. Any production of documents shall take place at the offices of Plaintiffs' counsel or other location agreed upon by the parties.

**IT IS SO ORDERED.**

Dated in Kansas City, Kansas on this 19th day of October, 2010.

s/ David J. Waxse
David J. Waxse
U.S. Magistrate Judge

cc:    All counsel and pro se parties