IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

A. H., a Minor, by and through
his next friends and natural parents
Steven Hohe and Velvet Hohe, et al.,           Civil Action

        Plaintiffs,           No. 09-2517-DJW

v.

**KNOWLEDGE LEARNING CORP.,**
d/b/a Children's World Learning Center,
also d/b/a Kindercare Learning Center,

        **Defendant.**

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiffs' Motion to Exclude Expert Testimony of Dr. Warren Sibilla (ECF No. 87). Plaintiffs seek an order pursuant to Federal Rule of Civil Procedure 37(c)(1) to exclude Dr. Sibilla from testifying at trial as an expert witness on behalf of Defendant. For the reasons set forth below, the motion is denied.

**I.    Introduction**

This is a negligence action brought by a minor child, A. H., by and through his father and mother and "next friends" Steven and Velvet Hohe. The action is also brought by Steven Hohe and Velvet Hohe, individually. Plaintiffs' Complaint alleges that A. H. was subjected to abuse by an employee of Defendant while at a child care facility owned and operated by Defendant. A. H., by and through his parents, and Steven and Velvet Hohe, individually, sue Defendant for negligent hiring and supervision (Count I) and for negligence per se based on claimed violations of K.S.A. 65-516 (Count II). The Complaint alleges that "[a]s a result of Defendant's actions, Minor Plaintiff A.

H. suffered injuries, including physical and psychiatric injuries, and will continue to suffer harm as a result of these actions."[1]

In addition, Steven Hohe and Velvet Hohe each individually sue Defendant to recover the medical expenses and loss of services they claim they suffered as a result of the alleged injuries to A. H. (Count III). They claim they "have sustained and will in the future sustain expenses for medical care for minor Plaintiff A. H." and that they "have been deprived of the services of their son."[2]

## II. Background Facts

On December 28, 2009, the Court entered a Scheduling Order setting a May 17, 2010 deadline for Plaintiffs to serve their Rule 26(a)(2) expert witness disclosures and reports. It also set a June 17, 2010 deadline for Defendant to serve its expert witness disclosures and reports, and a July 12, 2010 deadline for the parties to serve any rebuttal expert disclosures and reports. No deadline for completing a Rule 35 physical or mental examination was set.

On April 27, 2010, following the deposition of Steven Hohe, Defendant's counsel contacted Plaintiffs' counsel to schedule a Rule 35 mental examination ("Rule 35 exam") of A. H. and Steven Hohe. No agreement was reached as to the Rule 35 exam.

Plaintiffs timely served their expert disclosures and reports on May 17, 2010.

On June 2, 2010, approximately two weeks before Defendant's June 17, 2010 expert disclosure deadline, Defendant's counsel telefaxed a letter to Plaintiffs' counsel to schedule the Rule 35 exam. Defendant indicated that the Rule 35 exam would last two days and could be scheduled

---

[1] Compl. (ECF No. 1) ¶ 19.

[2] *Id.* ¶ 44.

for June 14 and 15, 2010. Defendant's counsel asked Plaintiffs' counsel to confirm her clients' availability. Over the course of the next few days, Defendant's counsel made several attempts to contact Plaintiffs' counsel to arrange for the Rule 35 exam. On June 9, 2010, Defendant's counsel telefaxed two letters to Plaintiff's counsel, and this time provided more detailed information regarding the proposed Rule 35 exam. Defendant's counsel explained that Dr. Sibilla wanted to interview each of A. H.'s parents and to administer several "paper and pencil" exams to the parents. Defense counsel indicated that Dr. Sibilla would also interview A. H. for approximately 30-40 minutes.

The parties were unable to agree as to the scope or terms of Defendant's proposed Rule 35 exam. Thus, no exam took place on June 14 or 15, 2010 as originally proposed by Defendant.

Given the parties' inability to agree on the scope and terms of the Rule 35 exam (including whether A. H.'s parents would be examined), on June 10, 2010, Plaintiffs' counsel agreed to allow Defendant to extend its expert disclosure deadline. Shortly thereafter, the parties filed a joint motion, which the Court granted. The deadline for Defendant to serve its disclosures was extended to July 19, 2010, and the deadline for serving rebuttal expert disclosures was extended to August 13, 2010.

The parties continued to confer regarding the Rule 35 exam, but were still unable to agree to its scope and terms and whether the parents could be examined. On July 1, 2010, Defendant filed a motion to compel the Rule 35 exam.

On July 19, 2010, while its motion to compel was still being briefed, Defendant proceeded to serve Rule 26(a)(2) disclosures for three expert witnesses, including Dr. Warren Sibilla. Defendant, however, did not provide an expert report for Dr. Sibilla, as the Rule 35 exam had still not taken place.

The disclosures for Dr. Sibilla stated:

1. The Defendant will call Dr. Warren W. Sibilla, Jr. Dr. Sibilla will testify regarding his review of medical records, educational records, a review of Plaintiffs' experts reports, video interviews of Plaintiffs and witnesses and review of other file materials including tests conducted by Plaintiffs' experts. Dr. Sibilla's opinions will include discussion of causation, extent, permanency, prior medical/mental condition of Plaintiff before the alleged incident and other particulars of Plaintiffs' alleged injuries including alternative causes, reasonableness and necessity of medical bills and treatment, any diagnosis of PTSD or other conditions and symptomology and general nature.

2. Dr. Sibilla's report regarding his medical review and independent medical examination of the Plaintiff will be timely supplemented after the completion of the IME and will further lay out his opinions.

3. Attached hereto is a copy of Dr. Sibilla's Curriculum Vitae as well as a copy of his fee schedule and a list of cases that he has testified in deposition or trial within the last four years. Dr. Sibilla has not authored any publications in the last ten years.

4. Dr. Sibilla is expected to testify as to a reasonable degree of medical certainty as a licensed psychologist and in regards to his exam and review of records and future exam and assessment of Plaintiff. He is also expected to testify consistent with his report which will be supplemented after the IME and consistent with his experience and qualifications.

5. The expert disclosure at this time of filing is Defendant's best effort to disclose Dr. Sibilla's opinions that may be used at trial. Defendant reserves the right to call any/all expert witnesses including treating physicians identified by Plaintiff or otherwise identified in this matter, including the experts identified by Plaintiffs in their Rule 26(a)(2) Expert Witness Disclosures.

6. Defendant reserves the right to supplement this disclosure as needed and Dr. Sibilla reserves the right to supplement his opinions after any future examination or as needed.[3]

On August 6, 2010, Plaintiffs filed the instant motion to exclude Dr. Sibilla's testimony.

---

[3] Def.'s Rule 26(a)(2) Expert Witness Disclosures, attached as Ex. C to Pls.' Mem. in Support of Mot. to Exclude Expert Test. of Dr. Warren Sibilla (ECF No. 87).

Defendant's motion to compel the Rule 35 exam became ripe on August 24, 2010. On September 9, 2010, the Court granted in part Defendant's motion to compel, and allowed Defendant to proceed with Dr. Sibilla's Rule 35 exam of A. H., but only under the conditions specified by the Court in its Order (*see* ECF No. 117). The Court denied the motion to compel to the extent Defendant sought to have Dr. Sibilla interview and test A. H.'s parents and maternal grandparents. The Court directed counsel for the parties to confer and agree on a mutually acceptable date and time for the Rule 35 exam of A. H.

Dr. Sibilla has since conducted his Rule 35 exam of A. H. Although the date of that exam is not provided in the Court records, the docket sheet reveals that Defendant served its supplemental Rule 26(a)(2) disclosures for Dr. Sibilla on October 15, 2010. Defendant has informed the Court that the supplementation was Dr. Sibilla's expert report.

As noted above, the deadline for the parties to serve Rule 26(a)(2) disclosures for any rebuttal expert witnesses was August 13, 2010. On that date, Plaintiffs served rebuttal expert disclosures for Dr. Kurt Krueger; however, no motion was ever filed to extend the time for Plaintiffs to designate and serve disclosures for an expert rebutting the opinions of Dr. Sibilla.

Trial is presently set for February 7, 2010. The parties' proposed Pretrial Order is due on October 26, 2010, and the Pretrial Conference is set for October 28, 2010.

### III. The Parties' Arguments

Plaintiffs contend in their briefing—all of which was filed before Dr. Sibilla's report was served on October 15, 2010—that they have been "severely prejudiced" by Defendant's failure to timely provide a written report for Dr. Sibilla. While Defendant did provide certain information about Dr. Sibilla in its July 19, 2010 expert disclosures, no report was served. Without the report, Plaintiffs assert that they are left in the dark as to what his opinions are and how he reached those

5

opinions. Plaintiffs claim that this has hampered their ability to designate a rebuttal expert and to provide any meaningful disclosures and report. Certainly, no disclosures and report for a rebuttal expert could be served by the August 13, 2010 deadline.

Plaintiff argues that this prejudice cannot be cured by extending the deadline for Plaintiffs to serve their rebuttal expert disclosures because such an extension would mean that all subsequent deadlines and settings, including the February 7, 2011 trial, would have to be extended or continued. Plaintiffs assert that the only way to cure the prejudice caused by Defendant's failure to provide a timely Rule 26(a)(2) disclosure for Dr. Sibilla is to exclude him from testifying at trial.

Apparently recognizing the harsh nature of such a sanction, Plaintiffs argue that Defendant should be held accountable for making "several missteps which have contributed to its inability to provide a timely expert disclosure" for Dr. Sibilla.[4] Plaintiffs point out the following: (1) Defendant did not request a Rule 35 exam of A. H. (to be conducted by Dr. Sibilla) until fifteen days before the original June 17, 2010 disclosure deadline; (2) even after the Court extended Defendant's disclosure deadline to July 19, 2010, Defendant waited until July 1, 2010 to file its motion to compel the Rule 35 exam of A. H.; and (3) Defendant failed to seek an extension of the July 19, 2010 disclosure deadline when it was obvious that its motion to compel the Rule 35 exam would not be fully briefed, let alone ruled on by the Court, in time for Defendant to meet its disclosure deadline.

Finally, Plaintiffs argue that Defendant could have met its July 19, 2010 disclosure deadline and filed his expert report on that date without conducting a Rule 35 exam. According to Plaintiff, Dr. Sibilla could have formed opinions based solely on the numerous records that Plaintiffs have produced to defendant, including (1) mental health records from A. H.'s treating psychologists and

---

[4] Mem. in Support of Pls.' Mot. to Exclude Expert Test. of Dr. Warren Sibilla (ECF No. 88) at 8.

6

psychiatrists, (2) results of A. H.'s mental examinations, and (3) Plaintiffs' expert witness disclosures.

Defendant, on the other hand, argues that it timely filed its motion to compel A. H.'s Rule 35 exam, and that it could not move forward with the exam and Dr. Sibilla's expert report until the Court ruled on the motion. Defendant points out that it started conferring with Plaintiff as early as April 27, 2010 to attempt to schedule the Rule 35 exam, and it should not be penalized because Plaintiffs would not agree to the exam. Defendant contends that Plaintiffs "created roadblocks at every turn" which prevented Dr. Sibilla from conducting the Rule 35 exam in a timely manner and that necessitated the filing of a motion to compel.[5] Defendant also contends that Plaintiffs are partly to blame for delaying a ruling on the motion to compel because Plaintiffs unnecessarily extended the briefing process by filing an amended response and a sur-reply. Furthermore, Defendant asserts that Plaintiffs cannot claim surprise that Defendant intended to disclose the opinions of Dr. Sibilla, as Defendant provided Plaintiff with Dr. Sibilla's curriculum vitae along with other pertinent information by its July 19, 2010 disclosure deadline.

In addition, Defendant contends that Plaintiffs are unable to show the prejudice necessary to impose the harsh sanction of exclusion. Defendant maintain that any prejudice to Plaintiffs can be easily cured by extending Plaintiffs' rebuttal expert disclosure deadline, and that sufficient time exists for Plaintiffs to serve rebuttal disclosures given that trial is not set until February 2011.

Finally, Defendant argues that Plaintiffs cannot show Defendant acted in bad faith or willfully in not complying with the July 19, 2010 disclosure deadline. Defendant contends that all of its attempts to schedule the Rule 35 exam were timely, reasonable, and made in good faith, and

---

[5]Def.'s Resp. to Pls.' Mot. to Exclude Expert Test. of Dr. Warren Sibilla (ECF No. 100) at 15.

that despite its diligence, it simply was not possible for Defendant to conduct a Rule 35 exam in time to provide Dr. Sibilla's expert report by the July 19, 2010 deadline.

## IV. Applicable Law

Federal Rule of Civil Procedure 26(a)(2) governs disclosures of expert witnesses. It provides that "a party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705."[6] It further provides that "this disclosure must be accompanied by a written report—prepared and signed by the witness—if the witness is one retained or specially employed to provide expert testimony in the case . . . ."[7] The report must contain, *inter alia*, a statement of the expert's opinions and the basis and reasons for them, the information the expert considered in forming the opinions, and any exhibits the expert will use to summarize or support his/her opinions.[8]

To ensure compliance with these disclosure requirements, Rule 37(c)(1) provides that "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless."[9]

The determination of whether a Rule 26(a) violation is "substantially justified" or "harmless" is entrusted to the broad discretion of the district court.[10] The district court is not

---

[6]Fed. R. Civ. P. 26(a)(2)(A).

[7]Fed. R. Civ. P. 26(a)(2)(B).

[8]Fed. R. Civ. P. 26(a)(2)(B)(i)-(iii).

[9]Fed. R. Civ. P. 37(c)(1).

[10]*Neiberger v. Fed Ex Ground Package Syst., Inc.*, 566 F.3d 1184, 1191-92 (10th Cir. 2009) (citing *Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.*, 170 F.3d 985, 993 (10th Cir. (continued...)

8

required to make explicit findings concerning substantial justification or the harmlessness of a failure to disclose.[11] Nevertheless, the Tenth Circuit has held that the following factors should guide the district court's discretion in determining whether to allow a party to use information or a witness to supply evidence at trial: "(1) the prejudice or surprise to the party against whom the testimony is offered; (2) the ability of the party to cure the prejudice; (3) the extent to which introducing such testimony would disrupt the trial; and (4) the [violating] party's bad faith or willfulness."[12]

In applying Rule 37(c)(1), "the court must first determine whether substantial justification for failing to make the required disclosures exists."[13] If the party who failed to make the required disclosures does not demonstrate substantial justification, then the court must determine whether the failure to disclose was harmless.[14] "The failure to disclose is considered harmless 'when there is no prejudice to the party entitled to the disclosure.'"[15] The burden to demonstrate substantial justification and the lack of harm is on the party who failed to make the required disclosure.[16]

---

[10](...continued)
1999)).

[11]*Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 953 (10th Cir. 2002) (quoting *Woodworker's Supply*, 170 F.3d at 993).

[12]*Id.* (quoting *Woodworker's Supply,* 170 F.3d at 993).

[13]*Umbenhower v. Copart, Inc.*, 222 F.R.D. 672, 675 (D. Kan. 2004) (citing *Burton v. R.J. Reynolds Tobacco Co.*, 203 F.R.D. 636, 639 (D. Kan. 2001) (quoting *Mounger v. Goodyear Tire & Rubber Co.*, No. 99-2230-JWL, 2000 WL 1466198, at *2 (D. Kan. Sept. 22, 2000))).

[14]*Id.* at 675 (citing *Burton*, 203 F.R.D. at 639).

[15]*Id.* (quoting *Burton*, 203 F.R.D. at 639); *accord Nguyen v. IBP, Inc.*, 162 F.R.D. 675, 680 (D. Kan. 1995).

[16]*Umbenhower*, 222 F.R.D. at 675; *Holt v. Wesley Med. Ctr, LLC,* No. 00-1318-JTM, 2006 WL 5556006, at *2 (D. Kan. Jan. 25, 2006).

The primary goal of sanctions, including the exclusion of a witness or testimony under Rule 37(c)(1), is to deter misconduct.[17] In ruling on a motion to exclude expert testimony or strike an expert witness under Rule 37(c)(1), the court should bear in mind that it is a "drastic sanction."[18]

V.  **Analysis**

Applying this framework, the Court must first determine whether Defendant has advanced substantial justification for its belated service of Dr. Sibilla's expert report. To do so, the Court will first consider whether Plaintiffs will be, or have been, prejudiced or surprised due to the belated service. The Court agrees with Defendant that Plaintiffs cannot claim surprise. Plaintiffs knew as early as May 27, 2010 that Defendant desired to conduct a Rule 35 exam of A. H. In June 2010, Defendant repeatedly made it known to Plaintiffs that it desired to have Dr. Sibilla conduct the exam. Defendant also provided a basic framework of the type of exam Dr. Sibilla would perform. In addition, and most significantly, Defendant provided to Plaintiffs partial Rule 26(a)(2) disclosures on July 19, 2010, in which Defendant stated its intent to call Dr. Sibilla to testify at trial "regarding his review of medical records, educational records, a review of Plaintiffs' expert reports, video interviews of Plaintiffs and witnesses and review of other file materials including tests conducted by Plaintiffs' experts."[19] Defendant's July 19, 2010 partial disclosures also informed Plaintiffs of the general nature of Dr. Sibilla's opinions. The partial disclosures stated that Dr. Sibilla's opinions would "include discussion of causation, extent, permanency, prior medical/mental condition of Plaintiff before the alleged incident and other particulars of Plaintiffs' alleged injuries including

---

[17]*Burton*, 203 F.R.D. at 640.

[18]*Myers v. Mid-West Nat. Life Ins. Co.*, No. 04-cv-00396-LTB-KLM, 2008 WL 2396763, at *2 (D. Colo. June 9, 2008); *Burton*, 203 F.R.D. at 640.

[19]Def.'s Rule 26(a)(2) Expert Witness Disclosures at 4, attached as Ex. C to Pls.' Mem. in Support of Mot. to Exclude Expert Test. of Dr. Warren Sibilla (ECF No. 88).

alternative causes, reasonableness and necessity of medical bills and treatment, any diagnosis of PTSD or other conditions and symptomology and general nature."[20] Defendant also provided other pertinent information about Dr. Sibilla, including his curriculum vitae. Finally, Defendant's partial disclosures made it clear that Dr. Sibilla would testify as a licensed psychologist about his "future exam and assessment"of A. H. and that Defendant would supplement its partial disclosures and Dr. Sibilla's opinions after the exam was conducted.[21]

In light of the foregoing, the Court concludes that Plaintiffs cannot claim they were surprised that Defendant intended to use Dr. Sibilla as an expert at trial to testify regarding A. H.'s mental condition. Further, Plaintiffs cannot claim they were surprised that Defendant was unable to produce Dr. Sibilla's report by the July 19, 2010 deadline, as Defendant had filed a motion to compel the exam that was not yet fully briefed by the July 19 deadline. Finally, Plaintiffs will not be able to claim any surprise at the time of trial (in February 2011) if Dr. Sibilla is allowed to testify, since Plaintiffs are now in possession of his report. Thus, the Court finds that the surprise element of the first factor weighs in favor of Defendant.

With respect to prejudice, the Court finds that Plaintiffs were prejudiced by the fact that they were unable to meet their August 13, 2010 deadline to designate, and submit disclosures for, a rebuttal expert. This prejudice element of the first factor therefore weighs in favor of Plaintiffs.

The next factor the Court will consider is whether this prejudice may be cured. Defendant contends that the prejudice may be cured by allowing Plaintiffs to designate a rebuttal expert and provide rebuttal witness disclosures at this point in time. Plaintiffs claim that extending the rebuttal deadline would necessitate reopening discovery to allow Plaintiffs to depose Dr. Sibilla. This, in

---

[20]*Id.*

[21]*Id.*

turn, would, according to Plaintiffs, "greatly disrupt the trial schedule"[22] and result in serious prejudice to Plaintiffs. The Court does not agree. Trial is still fifteen weeks away. Reopening discovery for the limited purpose of deposing Dr. Sibilla or extending the deadline for Plaintiffs to designate and serve expert disclosures for a rebuttal expert should not require continuing either the October 28, 2010 Pretrial Conference or the February 7, 2011 trial. Nor should it affect the November 4, 2010 dispositive motion deadline.[23] To the extent Plaintiffs may find it necessary to revise the Pretrial Order after they have deposed Dr. Sibilla or disclosed a rebuttal expert, the Court would certainly entertain a motion to do so. The Court thus finds that this factor weighs in favor of Defendant.

The third factor the Court must consider is the extent to which introducing Dr. Sibilla's testimony at trial will disrupt the trial. This factor weighs heavily in favor of Defendant. Allowing Dr. Sibilla to testify at trial in accordance with Defendant's partial July 19, 2010 disclosures and his expert report should have no disruptive effect on the trial, which is fifteen weeks away.

Finally, the fourth factor the Court will consider is whether Defendant acted willfully or in bad faith. Nothing in the record demonstrates that Defendant's failure to provide Dr. Sibilla's expert report by the July 19, 2010 deadline or Defendant's subsequent October 15, 2010 service of the report was the result of bad faith on Defendant's part or in willful disregard of the Scheduling Order or any other order. Defendant began conferring with Plaintiffs on April 27, 2010 in an attempt to arrange for the Rule 35 exam of A. H. Defendant made additional good faith efforts to obtain the exam in June 2010. The Court will not penalize Defendant for attempting to resolve the parties'

---

[22]Mem. in Support of Pls.' Mot. to Exclude Expert Test. (ECF No. 88) at 8.

[23]The Court finds it extremely unlikely that Plaintiffs intend to file a dispositive motion, let alone a dispositive motion that would rely on any testimony of Dr. Sibilla or any rebuttal expert.

dispute without the Court's intervention and will not fault Defendant for waiting until July 1 to file its motion to compel the Rule 35 exam. The Court thus finds that this factor weighs in favor of Defendant.

Upon consideration and balance of these factors, the Court holds that Defendant's belated service of Dr. Sibilla's expert report was substantially justified.[24] The Court therefore declines to apply Rule 37(c)(1) to exclude Dr. Sibilla from testifying as an expert witness at trial.

## VI. Conclusion

Applying the four guiding factors, the Court finds that Dr. Sibilla should not be excluded from providing expert testimony at trial. Plaintiffs received partial disclosures for Dr. Sibilla on July 19, 2010, and they are now in possession of his expert report. Thus, Plaintiffs cannot legitimately claim surprise if Dr. Sibilla is allowed to provide his expert opinions at trial. Furthermore, any prejudice to Plaintiffs is curable by permitting Plaintiffs to reopen discovery to depose Dr. Sibilla and to designate a rebuttal expert and provide disclosures for that expert. The factor of disruption of trial is inapplicable at this stage of litigation. Finally, the Court does not find that Defendants acted willfully or in bad faith in failing to timely serve Dr. Sibilla's expert report.

In light of these four factors, the Court finds that Defendant's failure to timely disclose Dr. Sibilla's expert report was substantially justified. The Court therefore declines to exclude Dr. Sibilla from testifying as an expert at trial.

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion to Exclude Expert Testimony of Dr. Warren Sibilla (ECF No. 87) is denied.

---

[24]Because the Court finds that Defendant's failure to timely disclose Dr. Sibilla's report was substantially justified, the Court need not determine whether the failure to timely failure to disclose was harmless. *See Umbenhower*, 222 F.R.D. at 675 (citing *Burton*, 203 F.R.D. at 639) (only after the Court determines that no substantial justification exists for failing to make the disclosure, does the court analyze whether the failure to disclose was harmless).

**IT IS SO ORDERED.**

Dated in Kansas City, Kansas on this 25th day of October, 2010.

s/ David J. Waxse  
David J. Waxse  
U.S. Magistrate Judge

cc:     All counsel and pro se parties