IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| A.H., a Minor by and through his Next Friends and Natural Parents, STEVEN HOHE and VELVET HOHE, and STEVEN HOHE, Individually, and VELVET HOHE, Individually,<br><br>Plaintiffs,<br><br>v.<br><br>KNOWLEDGE LEARNING CORP., d/b/a CHILDREN'S WORLD LEARNING CENTER also d/b/a Kindercare Learning Center<br><br>Defendant. | Case No. 2:09-cv-02517 – JWL/DJW |

**PLAINTIFFS' RESPONSE TO DEFENDANT'S MOTION TO STRIKE RESPONSES TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AS TO COUNT III OF PLAINTIFFS' FIRST AMENDED COMPLAINT AND PLAINTIFFS' MOTION TO FILE AN OUT OF TIME RESPONSE**

COMES NOW Plaintiffs, by and through counsel, for their Response to Defendant's Motion to Strike Responses to Defendant's Motion for Summary Judgment as to Count III of Plaintiffs' First Amended Complaint and Motion to File an Out of Time Response, and state as follows:

**STATEMENT OF THE NATURE OF THE MATTER**

1. This case arises out of injuries and damages caused to minor A.H. as a result of Knowledge Learning Corporation's (KLC) negligent hiring of a violent daycare employee, Cathleen Vincent, and her repeated cruel treatment of minor two (2) year-old A.H. Ms. Vincent repeatedly abused A.H., biting him on at least two occasions, pulling him by the hair, and locking him in a bathroom despite his kicking and screaming protests behind the door. (Court Document No. 142, First Amended Complaint at ¶23). Both Vincent and the Children's World

1

director were found guilty on criminal charges associated with the abuse of A.H., however the true extent of the abuse will likely never be known because Defendant has concealed the abuse and possibly destroyed documents that go to the crux of Plaintiffs' case. (Court Document No. 142, First Amended Complaint at ¶24). In addition to the misconduct outlined above, Defendant Children's World failed to terminate or take other appropriate action against Ms. Vincent and then it concealed Vincent's misconduct when it failed to notify Kansas authorities of the abuse, failed to notify the parents, and failed to make a record of the abuse in A.H.'s record as required by Kansas law. (*See* Court Document No. 142, *See e.g.*, First Amended Complaint at ¶24, 27, 30). Instead, the Children's World Director and District Manager contacted the Children's World "risk" department who instructed the Director and District Manager to immediately fire the two employees who witnessed the abuse and reported the abuse to the Director. (Court Document No. 142, First Amended Complaint at ¶27). The Director then followed those instructions and fired the two employees who witnessed the abuse and reported it to the Director. Defendant Children's World did not fire the abuser, Vincent, however. Defendant now claims three employment files have been stolen from Children's World. Those files include the files of the two employees who witnessed the abuse and the file of the abuser, Vincent. (Court Document No. 142, First Amended Complaint at ¶24).

2.  As a result of the Defendant's conduct and obvious tolerance of abuse, minor A.H. has suffered and will in the future suffer from the permanent injuries including a variety of behavioral, social, psychiatric problems and lower vocational achievement that all came about after the result of the cruel abuse he suffered at Children's World. (Court Document No. 135 at page 3).

## **ARGUMENT**

3. District of Kansas Local Rule 6.2(d)(2) requires responses to motions for summary judgment be filed and served within 21 days. Rule 6.2(d) also provides that the time period in which to respond "includes the additional 3-day period allowed under Fed. R. Civ. P. 6(d)."

4. District of Kansas Local Rule 7.4(b) states in pertinent part "[a]bsent a showing of excusable neglect, a party or attorney who fails to file a responsive brief or memorandum within the time specified in D. Kan. Rule 6.1(d) waives the right to later file such brief or memorandum."

5. "The Supreme Court has explained that excusable neglect 'is a somewhat elastic concept and is not limited strictly to omissions caused by circumstances beyond the control of the movant.'" Mandeville v. Quinstar Corp., 109 Fed. Appx. 191, 196 (10th Cir. 2004) (quoting Pioneer Inv. Servs. Co. v. Brunswick Assoc. Ltd. Partnership, 507 U.S. 380, 392 (1993)).

6. All relevant circumstances should be considered in determining whether the excusable neglect standard is met, including: "(1) the danger of prejudice to the nonmoving party, (2) the length of the delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the movant, and (4) whether the movant acted in good faith." Pro Fit Mgmt. v. Lady of America Franchise Corp., 2011 WL 939182, at *2 (D. Kan. 2011) (citing Pioneer Inv. Servs., 507 U.S. at 392)).

7. "Control over the circumstances of the delay is a very important factor-perhaps the most important single factor in determining whether neglect is excusable." Zhu v. St. Francis Health Ctr., 413 F. Supp. 1232 (D. Kan. 2006).

8. Plaintiffs acknowledge that they were late in responding to Defendant's Motion for Summary Judgment as to Count III of Plaintiffs' First Amended Complaint. The Local Rules

required a response within 21 days and Plaintiffs did not file their response until the 23 days after the Defendant filed its motion.

9. Due to an influx of motions and an oversight in calendaring, Plaintiffs response was filed two (2) days late.

10. However, Plaintiffs error in this case constitutes excusable neglect.

11. Plaintiffs' two-day tardiness has caused no prejudice to Defendant in this situation.  Defendant does not claim to be prejudiced in any way in its Motion to Strike Responses to Defendants Motion for Summary Judgment as to Count III of Plaintiffs' First Amended Complaint or in its corresponding Memorandum of Law.  (Court Document Nos. 225 and 226).

12. The delay in this case was two (2) days and that two day delay will have no impact on the judicial proceedings.  Defendant does not claim that this two day delay will have any impact on the judicial proceedings in its Motion to Strike Responses to Defendants Motion for Summary Judgment as to Count III of Plaintiffs' First Amended Complaint or in its corresponding Memorandum of Law.  (Court Document Nos. 225 and 226).

13. As stated above, due to an influx of motions and an oversight in calendaring Plaintiffs response was filed two days late.

14. There are no facts to indicate that the Plaintiffs have acted, and/or are acting, in bad faith.  Further, Defendant has not alleged any acts of bad faith in its Motion to Strike Responses to Defendants Motion for Summary Judgment as to Count III of Plaintiffs' First Amended Complaint or in its corresponding Memorandum of Law.  (Court Document Nos. 225 and 226).

4

15.     The court in Zhu was faced with a similar situation.  Defendants in Zhu filed their reply brief more than two weeks late and without leave of court.  Zhu, 413 F. Supp. at n.5.  The court noted that the delay was entirely in the control of the defendants.  Id.  However, the court also found no prejudice to the plaintiff, no material delay in the proceedings and no bad faith on the part of the defendants.  Id.  The court went on to say, "[o]n this occasion, because the delay was relatively short and occasioned no prejudice to opposing parties or the judicial process, the Court will not disregard defendants' reply brief."  Id.

16.     The court in Pro Fit Mgmt. was also faced with a similar situation.  Although the court determined the one week delay in filing its response brief was within the full control of the plaintiffs, the delay resulted in no prejudice, did not interfere with the judicial proceedings and the court found no reason to believe plaintiff or its counsel acted in bad faith.  Pro Fit Mgmt., 2011 WL 939182, at *2.  The court granted the Plaintiffs' Motion to File out of Time Response and considered plaintiff's response brief.  Id.

17.     The case at hand falls squarely in line with the previous two cases, although the time delay in the present case is significantly less, where the court refused to disregard an untimely filed brief.

18.     As such, the Court should not strike and/or disregard Plaintiffs' Response to Defendant's Statement of Facts in Support of Defendant's Motion for Summary Judgment as to Count III and Plaintiffs' Response and Suggestions in Opposition to Defendant's Motion for Summary Judgment as to Count III.

WHEREFORE, for the above reasons, Plaintiffs respectfully request the Court GRANT their Motion to File an Out of Time Response and for other and for other relief this Court deems just and proper.

        Respectfully submitted,

        /s/ Robert D. Kingsland
        ROBERT D. KINGSLAND   KS #24781
        JASON P. OSTEEN        KS #19414
        Dempsey & Kingsland, P.C.
        1100 Main Street, Suite 1860
        Kansas City, Missouri 64105
        (816) 421-6868
        (816) 421-2610 - facsimile

        ATTORNEYS FOR PLAINTIFF

**Certificate of Service**

I hereby certify that on April 4, 2011, I electronically filed the above Plaintiffs' Response to Defendant's Motion for Summary Judgment as to Count IV with the Clerk of the Court using the CM/ECF Electronic Filing System which will send electronic notifications of such filing to the following:

Beth C. Boggs
Boggs, Avellino, Lach & Boggs
7912 Bonhomme, Ste. 400
St. Louis, MO  63105
bboggs@balblawyers.com
ATTORNEY FOR DEFENDANT

/s/ Robert D. Kingsland
ATTORNEY FOR PLAINTIFF