**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

A. H., a Minor, by and through
his next friends and natural parents
Steven Hohe and Velvet Hohe, et al.,                    Civil Action

                Plaintiffs,                    Case No. 09-2517-DJW

v.

KNOWLEDGE LEARNING CORP.,
d/b/a Children's World Learning Center,
also d/b/a Kindercare Learning Center,

                Defendant.


<u>**MEMORANDUM AND ORDER**</u>

       This matter is before the Court on Defendant's Motion to Strike (ECF No. 225). Also before

the Court is Plaintiffs' Motion to File Out of Time Responses (ECF No. 230) . Defendant asks the

Court to strike Plaintiffs' responses to its Motion for Summary Judgment as to Count III (ECF No.

202) ("Motion for Summary Judgment") on the grounds that the responses were not timely filed.

Plaintiffs oppose the Motion to Strike, arguing that their failure to timely file the summary judgment

responses was due to excusable neglect. Plaintiffs move in their opposition brief for leave to file

their responses out of time.

       For the reasons set forth below, the Court denies Defendant's motion and grants Plaintiffs

leave to file their responses out of time.

**I.**      **Introduction and Background Facts**

       Defendant filed its Motion for Summary Judgment as to Count III (ECF No. 202) ("Motion

for Summary Judgment") on February 28, 2011. On March 23, 2011, Plaintiffs filed two pleadings

in response to the Motion for Summary Judgment. Plaintiffs filed a pleading entitled "Plaintiffs'

Response and Suggestions in Opposition to Defendant's Motion for Summary Judgment as to Count III" (ECF No. 219) and a second pleading entitled "Plaintiffs' Response to Defendant's Statement of Facts in Support of Defendant's Motion for summary Judgment as to Count III" (ECF No. 220).

Pursuant to D. Kan. Rule 6.1(d)(2), Plaintiffs' responses to the Motion for Summary Judgment were due within twenty-one days of the service and filing of the Motion for Summary Judgment. In other words, the responses were due on March 21, 2011. Plaintiffs, however, did not file their responses until March 23, 2011, and Plaintiffs concede that they were filed two days late.

Defendant moves to strike the responses because they were filed out of time. Plaintiffs ask the Court to consider their untimely filings to be the result of their counsel's excusable neglect and to decline to strike them. Plaintiffs assert that the responses were filed late "[d]ue to an influx of motions and an oversight in calendaring,"[1] and that Defendant has shown no prejudice by the short delay in filing. Plaintiffs seek leave to file the responses out of time.

## II.    Discussion

It is undisputed that Plaintiffs' responses to Defendant's Motion for Summary Judgment were filed two days out of time. Plaintiffs seek leave to file their responses out of time based on D. Kan. Rule 7.4(B), which provides, "*Absent a showing of excusable neglect*, a party or attorney who fails to file a responsive brief or memorandum within the time specified in D. Kan. Rule 6.1(d) waives the right to later file such brief or memorandum."[2]

In determining whether the excusable neglect standard is met, this Court will consider all relevant circumstances, including "(1) the danger of prejudice to the nonmoving party, (2) the length

---

[1] Pls' Resp. to Def's Mot. to Strike (ECF No. 230) at 4.

[2] D. Kan Rule 7.4(b) (emphasis added).

of the delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the movant, and (4) whether the movant acted in good faith."[3]  While excusable neglect is a "somewhat elastic concept," "inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute excusable neglect."[4]  "Control over the circumstances of the delay is a very important factor—perhaps the most important single factor in determining whether neglect is excusable."[5]

Applying these factors here, the Court holds that Plaintiffs have made a showing of excusable neglect.  While the Court finds that the delay was entirely within Plaintiffs' counsel's control, the delay was nevertheless so short as to cause no material delay in the proceedings. Furthermore, there is no showing of any prejudice to Defendant.  Defendant was able to file its reply in a timely filing on March 31, 2011, and there will be no delay in the Court's resolution of Defendant's Motion for Summary Judgement.  Finally, there is no reason to believe that Plaintiffs or their counsel acted in bad faith.

The Court's holding is in line with  two other decisions where parties failed to file briefs a week or two weeks out of time due to their counsel's inadvertent disregard of the filing deadline.[6] In both of those cases, the Court held the parties' counsel had shown excusable neglect where there

---

[3]*Pro Fit Mgm't, Inc. v. Lady of Am. Franchise Corp.*, No. 08-CV-2662-JAR-DJW, 2011 WL 939182, at *2 (D. Kan. Feb. 25, 2011) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assoc. Ltd. P'ship*, 507 U.S. 380, 395 (1993)).

[4]*Id*. (quoting *Pioneer*, 507 U.S. at 395).

[5]*Id*. (quoting *Pioneer*, 507 U.S. at 392).

[6]*See id.*; *supra*; *Zhu v. St. Francis Health Ctr.*, 413 F. Supp. 2d 1232 (D. Kan. 2006).

was no evidence of bad faith on counsel's part, no material delay in the proceedings, and no prejudice to the opposing parties.[7]

In light of the foregoing, the Court holds that Plaintiffs' counsel have shown excusable neglect for filing their summary judgment responses two days out of time. The Court declines to strike the responses (ECF Nos. 219 & 220), and deems them timely filed the date they were filed on March 23, 2011.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Strike (ECF No. 225) is denied.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion to File Out of Time Responses (ECF No. 230) is granted, and the summary judgment responses filed on March 23, 2011 (ECF No. 219 & 220) are deemed timely filed.

**IT IS SO ORDERED.**

Dated in Kansas City, Kansas on this 8th day of April, 2011.


s/ David J. Waxse
David J. Waxse
U.S. Magistrate Judge

cc:     All counsel and pro se parties

---

[7]*Pro Fit,* 2011 WL 939182, at *2; *Zhu*, 413 F. Supp. 2d at 1241.