DJW/1

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

A. H., a Minor, by and through
his next friends and natural parents
Steven Hohe and Velvet Hohe, et al.,                    Civil Action

                        Plaintiffs,                    Case No. 09-2517-DJW

v.

**KNOWLEDGE LEARNING CORP.**,
d/b/a Children's World Learning Center,
also d/b/a Kindercare Learning Center,

                        Defendant.

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiffs' Motion for Leave to Designate Plaintiffs' Punitive Damages Expert (ECF No. 186). Plaintiffs seek leave to designate a punitive damages expert out of time and to provide Rule 26(a)(2) disclosures for him. Plaintiffs must seek leave to do so, as the deadline for designating an expert and providing expert disclosures has long passed. Plaintiffs argue that they should be allowed to designate their expert and provide his disclosures out of time because the Court did not grant Plaintiffs leave to file their claim for punitive damages until after their designation/disclosure deadline. Defendant opposes the motion, arguing that Plaintiffs should have moved to extend their designation/disclosure deadline as soon as they knew they intended to move to amend to add such a claim.

For the reasons set forth below, the Court will grant Plaintiffs' motion.

**I.     Nature of the Case**

This is a negligence action brought by a minor child, A. H., by and through his father and mother and "next friends" Steven and Velvet Hohe.[1] The action is also brought by Steven Hohe and Velvet Hohe, individually. Plaintiffs' First Amended Complaint alleges that A. H. was subjected to abuse by an employee of Defendant while at a child care facility owned and operated by Defendant. A. H., by and through his parents, and Steven and Velvet Hohe, individually, sue Defendant for negligent hiring and supervision (Count I) and for negligence per se based on claimed violations of K.S.A. 65-516 (Count II). The First Amended Complaint alleges that as a result of Defendant's alleged negligence, A. H. suffered injuries, including physical and psychiatric injuries, and "will continue to suffer physical and psychiatric harm into the future."[2] In addition, Plaintiffs assert a claim for punitive damages, alleging that Defendant and its employees acted in a willful, wanton, fraudulent, and malicious manner towards A. H.

**II.    Background Facts**

Plaintiffs' deadline to designate experts and provide their Rule 26(a)(2) disclosures was May 17, 2010. On September 24, 2010, Plaintiffs filed a motion to amend to add a claim for punitive damages. The Court granted the motion on October 27, 2010 at a status conference in this case. Plaintiffs filed their First Amended Complaint on November 1, 2010. The following day, Plaintiffs requested documents from Defendant regarding Defendant's financial condition, which is a relevant consideration in determining the appropriate amount of a punitive damages award. Defendant

---

[1]Pursuant to Federal Rule of Civil Procedure 17(c)(2), a minor who does not have a duly appointed representative "may sue by a next friend or by a guardian ad litem." In this case, A. H. sues by his "next friends," his parents, Steven and Velvet Hohe.

[2]First Am. Compl. (ECF No. 142) ¶¶ 50-51.

served responsive documents on December 9, 2010, and two days later, Plaintiffs provided those records to James Koerber, a Certified Public Accountant, so that he could analyze Defendant's financial status for purposes of presenting Plaintiffs' punitive damages claim. On January 4, 2011, Mr. Koerber provided Plaintiffs with his expert report concerning Defendant's financial condition. Plaintiffs provided that report and Rule 26(a)(2) disclosures for Mr. Koerber to Defendant on January 12, 2011, and notified Defendant of their intent to designate Mr. Koerber as their punitive damages expert. Plaintiffs filed the instant motion on January 21, 2011.[3]

At the same October 28, 2010 status conference at which the Court granted Plaintiffs' Motion to Amend, the Court also granted the parties' joint oral request to amend the Scheduling Order, and the Court extended the discovery deadline to December 31, 2010 and continued the Pretrial Conference to January 18, 2011. Plaintiffs made no request at the conference to extend their disclosure deadline to allow for the designation/disclosure of a punitive damages expert. On December 31, 2010, Plaintiffs moved to amend the Scheduling Order. Again, Plaintiff made no request to extend their designation/disclosure deadline. The Court granted Plaintiffs' unopposed motion, and extended the discovery deadline to February 14, 2011 and continued the Pretrial Conference to February 18, 2011. On the Court's own later motion, trial was moved to July 18, 2011. The case remains set for trial on July 18, 2011.

## III. Applicable Law

Federal Rule of Civil Procedure 26(a)(2) governs expert witness disclosures. It provides that "a party must disclose to the other parties the identity of any witness it may use at trial to present

---

[3]The Rule 26(a)(2) disclosures for Dr. Koerber, along with his report, are also attached as Exhibit B to Plaintiffs' motion.

3

evidence under Federal Rule of Evidence 702, 703, or 705."⁴ It further provides that "this disclosure must be accompanied by a written report—prepared and signed by the witness—if the witness is one retained or specially employed to provide expert testimony in the case . . . ."⁵ Rule 26(a)(2)(D) states that "[a] party must make these disclosures at the times and in the sequence that the court orders."⁶

To ensure compliance with these disclosure requirements, Rule 37(c)(1) provides that "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless."⁷ The parties agree in their briefing that the Court must apply this Rule in order to decide Plaintiffs' motion.

The determination of whether a Rule 26(a) violation is "substantially justified" or "harmless" is entrusted to the broad discretion of the district court.⁸ The district court is not required to make explicit findings concerning substantial justification or the harmlessness of a failure to disclose.⁹ Nevertheless, the Tenth Circuit has held that the following factors should guide the district court's discretion in determining whether to allow a party to use information or a witness to

---

⁴Fed. R. Civ. P. 26(a)(2)(A).

⁵Fed. R. Civ. P. 26(a)(2)(B).

⁶Fed. R. Civ. P. 26(a)(2)(D).

⁷Fed. R. Civ. P. 37(c)(1).

⁸*Neiberger v. Fed Ex Ground Package Syst., Inc.*, 566 F.3d 1184, 1191-92 (10th Cir. 2009) (citing *Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.*, 170 F.3d 985, 993 (10th Cir. 1999)).

⁹*Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 953 (10th Cir. 2002) (quoting *Woodworker's Supply*, 170 F.3d at 993).

4

supply evidence at trial: "(1) the prejudice or surprise to the party against whom the testimony is offered; (2) the ability of the party to cure the prejudice; (3) the extent to which introducing such testimony would disrupt the trial; and (4) the moving party's bad faith or willfulness."[10]

In applying Rule 37(c)(1), "the court must first determine whether substantial justification for failing to make the required disclosures exists."[11] If the party who failed to make the required disclosures does not demonstrate substantial justification, then the court must determine whether the failure to disclose was harmless.[12] "The failure to disclose is considered harmless 'when there is no prejudice to the party entitled to the disclosure.'"[13] The burden to demonstrate substantial justification and the lack of harm is on the party who failed to make the required disclosure.[14]

The primary goal of excluding a witness or testimony under Rule 37(c)(1) is to deter misconduct.[15] In ruling on whether an expert witness should be barred under Rule 37(c)(1), the court should bear in mind that it is a "drastic sanction."[16]

---

[10] *Id.* (quoting *Woodworker's Supply,* 170 F.3d at 993).

[11] *Umbenhower v. Copart, Inc.*, 222 F.R.D. 672, 675 (D. Kan. 2004) (citing *Burton v. R.J. Reynolds Tobacco Co.*, 203 F.R.D. 636, 639 (D. Kan. 2001) (quoting *Mounger v. Goodyear Tire & Rubber Co.*, No. 99-2230-JWL, 2000 WL 1466198, at *2 (D. Kan. Sept. 22, 2000))).

[12] *Id.* at 675 (citing *Burton*, 203 F.R.D. at 639).

[13] *Id.* (quoting *Burton*, 203 F.R.D. at 639); *accord Nguyen v. IBP, Inc.*, 162 F.R.D. 675, 680 (D. Kan. 1995).

[14] *Umbenhower*, 222 F.R.D. at 675; *Holt v. Wesley Med. Ctr, LLC,* No. 00-1318-JTM, 2006 WL 5556006, at *2 (D. Kan. Jan. 25, 2006) (citing *Nguyen*, 162 F.R.D. at 679-80).

[15] *Burton*, 203 F.R.D. at 640.

[16] *Myers v. Mid-West Nat. Life Ins. Co.*, No. 04-cv-00396-LTB-KLM, 2008 WL 2396763, at *2 (D. Colo. June 9, 2008); *Burton*, 203 F.R.D. at 640.

## IV.     Summary of the Parties' Arguments

Plaintiffs argue that their delay in designating and disclosing Mr. Koerber as their expert was substantially justified within the meaning of Rule 37(c)(1) because Plaintiffs did not file their Motion to Amend to add a claim for punitive damages, and the Court did not grant that motion, until long after the May 17, 2010 designation/disclosure deadline. Plaintiffs contend they were justified in waiting until after the Court ruled on the Motion to Amend because they did not want to incur the expense of retaining and designating a punitive damages expert before they even knew whether the punitive damages claim would be allowed. Furthermore, Plaintiffs argue that even had they designated their punitive damages expert earlier, it would have been impossible for the expert to analyze Defendant's financial condition until Defendant produced its financial records, which, understandably, Defendant would not produce until Plaintiffs were granted leave to plead punitive damages.

Defendant, on the other hand, argues that Plaintiffs' delay was not substantially justified. The Scheduling Order contained a May 17, 2010 deadline for Plaintiffs to disclose their experts, and although Plaintiffs moved to extend discovery on at least two occasions, Plaintiffs never moved to extend their designation/disclosure deadline. Furthermore, Defendant argues that Plaintiffs waited almost three months after the Court granted them leave to plead punitive damages claim before filing the instant motion to designate their expert out of time. In addition, Defendant argues that Plaintiffs' delay is not harmless. Defendant states that Plaintiffs have tendered various dates before the close of discovery for Defendant to depose Mr. Koerber. Defendant asserts that even assuming it is able to depose Mr. Koerber during this brief window of time, Defendant would not be able to designate and produce for deposition its own rebuttal expert without disrupting the July 18, 2011 trial setting.

Thus, according to Defendant, Plaintiffs' delay is prejudicial to Defendant and cannot be deemed "harmless" within the meaning of Rule 37(c)(1).

**V.     Discussion**

The Court holds that Plaintiffs' failure to designate and disclose their punitive damages expert by the May 17, 2010 deadline was substantially justified. As Plaintiffs point out, it made no sense for Plaintiffs to designate and disclose a punitive damages expert before they even knew whether the Court would grant them leave to plead punitive damages. While Plaintiffs could have moved to extend their expert disclosure deadline, the Court will not impose such a drastic sanction of excluding their expert merely because Plaintiffs failed to move to extend the deadline. Moreover, the Court does not find that Plaintiffs unreasonably delayed in serving their disclosures for Mr. Koerber once the Motion to Amend was granted. Plaintiffs acted reasonably in first seeking documents regarding Defendant's financial condition. Moreover, they acted swiftly in providing Mr. Koerber's report to Defendant and notifying Defendant of their intent to designate Mr. Koerber as an expert shortly after they received the financial documents from Defendant.

Even if the Court were to find that Plaintiffs' delay was not substantially justified, the Court would still find the delay harmless, as the Court does not find Defendant has been prejudiced by the delay. Although Defendant expressed concerns in its opposition to the motion that it might not be able to depose Mr. Koerber before the close of discovery, the Court has learned that Defendant did indeed depose Mr. Koerber. Although that deposition took place on February 23, 2011, which was several days after the February 14, 2011 close of discovery, no prejudice inured to Defendant as a result. With respect to Defendant being unable to designate a rebuttal expert, the Court notes that Defendant has never moved to extend its rebuttal deadline, and the Court questions whether Defendant ever seriously intended to designate a rebuttal witness. Defendant may still, at this time,

file a motion to allow the designation of such an expert, as there is still sufficient time to allow for the designation and deposition of such an expert before the July 18, 2011 trial. Any alleged prejudice relating to a rebuttal expert can thus be cured.

Applying the other Rule 37(c)(1) factors, the Court does not find that Defendant will be "surprised" if Plaintiffs are allowed to designate Mr. Koerber and he is allowed to testify at trial. Defendant has had his disclosures and report since January 12, 2011, and has had the opportunity to depose him. Also, allowing Mr. Koerber's testimony will certainly have no disrupting effect on the trial. Finally, the Court does not find any evidence that Plaintiffs acted in bad faith in delaying the designation and disclosure of this expert.

In light of the above, the Court holds that Plaintiffs should be allowed to designate and disclose their punitive damages expert, James Koerber. As Plaintiffs have already served the disclosures and report for Mr. Koerber on Defendant, there is no need for Plaintiffs to re-serve those disclosures or report.

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion for Leave to Designate Plaintiffs' Punitive Damages Expert (ECF No. 186) is granted.

**IT IS SO ORDERED.**

Dated in Kansas City, Kansas on this 18th day of April, 2011.

s/ David J. Waxse  
David J. Waxse  
U.S. Magistrate Judge

cc:   All counsel and pro se parties