DJW/1
# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

A. H., a Minor, by and through
his next friends and natural parents
Steven Hohe and Velvet Hohe, et al.,                    Civil Action

           Plaintiffs,                    Case No. 09-2517-DJW

v.

**KNOWLEDGE LEARNING CORP.,**
d/b/a Children's World Learning Center,
also d/b/a Kindercare Learning Center,

           Defendant.

## MEMORANDUM AND ORDER

Pending before the Court is Defendant's Motion to Strike (ECF No. 169). Defendant asks the Court to strike certain portions of Plaintiffs' "Statement of the Nature of the Matter" that is contained in Plaintiff's Response to Defendant's Motion to Dismiss and/or for More Definite Statement (ECF No. 162). Defendant requests that the Court strike those portions of the Statement of the Nature of the Matter on the basis that they do not comply with D. Kan. Rule 7.6.

**I.    Applicable Law**

The standards for ruling on a motion to strike are well established. Rule 12(f) of the Federal Rules of Civil Procedure provides that the court may order stricken from any pleading "any redundant, immaterial, impertinent or scandalous matter."[1] Because striking an entire pleading, or

---

[1] Fed. R.Civ. P. 12(f).

a portion thereof, is a drastic remedy, and because a motion to strike may often be brought as a dilatory tactic, motions to strike are generally disfavored.[2]

This Court will usually deny a motion to strike unless the allegations have no possible relation to the controversy and are likely to cause prejudice to one of the parties.[3] While motions to strike are generally disfavored, the decision to grant a motion to strike lies within the court's sound discretion.[4]

**II.    Discussion**

Defendant relies on D. Kan. Rule 7.6(a)(2) in moving to strike portions of Plaintiffs' Statement of the Nature of the Matter. That rule requires all briefs and memoranda to contain "a concise statement of the facts, with each statement of fact supported by reference to the record."[5] Defendant argues that Plaintiffs' Statement of the Nature of the Matter violates that rule because many of the "facts" set forth in that Statement are not supported by any citation to the record, while others are not supported by the cited reference to the record.

---

[2]*Thompson v. Jiffy Lube Int'l, Inc.*, No. 05-1203-WEB, 2005 WL 2219325, at *1 (D. Kan. Sept. 13, 2005); *Pencro Assoc., Inc. v. Sprint Corp.*, No. 04-2459-JWL, 2005 WL 950626, at *1 (D. Kan. Apr. 25, 2005); *Nwakpuda v. Falley's, Inc.*, 14 F. Supp. 2d 1213, 1215-16 (D. Kan. 1998).

[3]*Sellers v. Butler*, No. 02-3055-DJW, 2006 WL 2873470, at *2 (D. Kan. Oct. 5, 2006) (citing *Thompson*, 2005 WL 2219325, at *1).

[4]*Dockhorn v. Kitchens by Kleweno*, No. 08-2307, 2010 WL 1196425, at *2 (D. Kan. Mar. 23, 2010); *Sellers*, 2006 WL 2873470, at *2 (citing *Pencro*, 2005 WL 950626, at *1; *Geer v. Cox*, 242 F. Supp. 2d 1009, 1025 (D. Kan. 2003)).

[5]D. Kan. Rule 7.6(a)(2).

Defendant fails to recognize that another section of D. Kan. Rule 7.6, subsection (a)(1), also requires briefs and memoranda to contain "a statement of the nature of the matter before the court."[6] Subsection (a)(1) does not require that each sentence or allegation contained within such a statement be supported by reference to the record. Thus, to the extent Plaintiffs' Statement of the Nature of the Matter is not supported by citations to the record, it is not in violation of D. Kan. Rule 7.6.

The Court is fully capable of determining which "facts" or allegations contained in Plaintiffs' response are supported by the record, and, where necessary, the Court will disregard those portions of the response that are not supported by the record.[7] The Court therefore denies Defendant's Motion to Strike.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Strike (ECF No. 169) is denied.

**IT IS SO ORDERED**.

Dated in Kansas City, Kansas on this 9th day of May 2011.

s/ David J. Waxse  
David J. Waxse  
U. S. Magistrate Judge

cc:   All counsel and *pro se* parties

---

[6] D. Kan. Rule 7.6(a)(1).

[7] *See Sellers*, 2006 WL 2873470, at *2 ("This Court typically declines to strike a response to a motion for summary judgment or a supporting affidavit that does not comply with D. Kan. Rule 56.1 or Federal Rule of Civil Procedure 56(e), and instead simply disregards those portions of the response or affidavit that do not comply.")