# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

A. H., a Minor, by and through
his next friends and natural parents
Steven Hohe and Velvet Hohe, et al.,                    Civil Action

                    Plaintiffs,                    No. 09-2517-DJW

v.

**KNOWLEDGE LEARNING CORP.,**
d/b/a Children's World Learning Center,
also d/b/a Kindercare Learning Center,

                    Defendant.

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant's Motion to Dismiss and/or for More Definite Statement as to Count IV of Plaintiffs' First Amended Complaint (ECF No. 146). For the reasons set forth below, the motion is denied.

**I.    Background Information**

This is a tort action brought by a minor child, A. H., by and through his father and mother and "next friends" Steven and Velvet Hohe. The action is also brought by Steven Hohe and Velvet Hohe, individually.

Plaintiff's First Amended Complaint alleges four counts: Count I for negligent hiring and supervision; Count II for negligence *per se* based on alleged violations of K.S.A. 65-516; Count III for medical expenses/loss of services; and Count IV for punitive damages. The First Amended Complaint alleges that A. H. was subjected to abuse by an employee of Defendant while at a child care facility owned and operated by Defendant.

Defendant moves the Court to dismiss with prejudice Count IV of the First Amended Complaint, which sets forth Plaintiffs' claim for punitive damages. In the alternative, Defendant asks the Court to "order Plaintiffs to amend their Complaint to provide more definite allegations under Count IV."[1]

## II. Summary of the First Amended Complaint Regarding Plaintiff's Claim for Punitive Damages

Plaintiffs' First Amended Complaint alleges that a teacher at Defendant's daycare facility, Cathleen Vincent, inflicted physical and verbal abuse on A. H. while he was two years old and attending the daycare facility.[2] More specifically, the First Amended Complaint alleges that Ms. Vincent repeatedly abused A. H., including biting him, pulling and dragging him by his hair, and locking him in a closet.[3] Plaintiffs allege that Defendant concealed Ms. Vincent's abuse and that Defendant's Director failed to report the abuse to the Kansas Department of Social Services ("SRS") and A. H.'s parents.[4] Plaintiffs assert that instead of reporting the abuse to SRS, the Director merely began an internal investigation after two of Defendant's employees reported the abuse, and that Defendant eventually terminated those two employees and then lost or destroyed their employment files.[5]

---

[1] Def.'s Mot. to Dismiss and/or for More Definite Statement as to Count IV of Pls.' First Am. Compl. (ECF No. 146) at 3.

[2] First Am. Compl., ¶¶ 19, 23.

[3] *Id.* ¶ 23

[4] *Id.* ¶ 24.

[5] *Id.* ¶¶ 24, 26 & 27.

The First Amended Complaint also alleges as follows: A third-party ultimately reported the alleged actions of Ms. Vincent to SRS, and SRS conducted an investigation.[6] SRS determined that there was "clear and convincing evidence" that Ms. Vincent had in fact inflicted physical injury on a child.[7] SRS found that Ms. Vincent was a danger to children and should not be allowed to working in a child care facility.[8] Following the SRS investigation, Defendant "did not reprimand its employees for the conduct surrounding the abuse of A. H.," and those employees included, among others, the District Manager, the Assistant Director, and the Director.[9]

The First Amended Complaint also alleges that "Defendant and Defendant's employees and agents acted in a willful, wanton, fraudulent, and malicious manner toward Plaintiff A.H. . . . "[10] Finally, the First Amended Complaint asserts that "Defendant and its employees, agents, managers and directors ratified and/or authorized the wanton, reckless, willful, and/or malicious acts and misconduct of the employees, agents, managers, and directors. . . ."[11]

### III. Dismissal of Count IV

#### A. Summary of the Parties' Arguments

Defendant asks the Court to dismiss with prejudice Plaintiff's punitive damages claim (Count IV) pursuant to Federal Rule of Civil Procedure 12(b)(6). It argues that Count IV should be

---

[6]*Id.* ¶¶ 25, 29.

[7]*Id.* ¶ 29.

[8]*Id.*

[9]*Id.* ¶ 30.

[10]*Id.* ¶ 62.

[11]*Id.* ¶ 66.

dismissed because it "fails to provide any new or particular facts, and fails to identify with any particularity the manner by which Defendant's actions were willful, wanton, wrongful, or malicious, or the manner by which Defendant authorized and/or ratified willful, wanton, wrongful, or malicious acts of its agents, employees or representatives."[12] In the alternative, Defendant asks the Court to order Plaintiffs to provide a more definite statement pursuant to Federal Rule of Civil Procedure 12(e) so as to "sufficiently plead their punitive damages claim"[13]

Plaintiffs counter that to withstand a motion to dismiss they need only present enough factual allegations that raise their right to recover punitive damages "above the speculative level" and that their First Amended Complaint need only contain "enough facts to state a claim to relief that is plausible on its face."[14] Plaintiffs maintain that they have sufficiently pled allegations, that if assumed to be true, raise their right to punitive damages above the speculative level and which state a claim for relief that is plausible on its face.

With respect to Defendant's alternative request for a more definite statement, Plaintiffs argue that such relief is available only when the complaint is so vague or unintelligible that the defendant cannot reasonably be expected to prepare a responsive pleading. Plaintiffs maintain that their First Amended Complaint contains more than sufficient detail of wanton and reckless conduct by Defendant's employees and Defendant's tolerance and ratification of the misconduct, which gives rise to Defendant's liability for punitive damages.

---

[12]Def.'s Mem. of Law in Support of Mot. to Dismiss and/or for More Definite Statement as to Count IV of Pls.' First Am. Compl. (ECF No. 147) at 1-2.

[13]*Id.* at 5.

[14]Pls.' Resp. and Suggestion in Opp'n to Mot. to Dismiss Count IV and/or for More Definite Statement of Count IV of Pls.' First Am. Compl. (ECF No. 162) at 4 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

B.     **Applicable Law**

   *1.    Law regarding pleading special damages under Federal Rule of Civil Procedure 9(g)*

Federal Rule of Civil Procedure 9(g) provides that "[i]f an item of special damage is claimed, it must be specifically stated." Although neither party cites Rule 9(g), it provides the standard for this Court's decision.

This Court recently addressed Rule 9(g)'s application to punitive damages claims in *Capital Solutions, LLC v. Konica Minolta Business Solutions U.S.A., Inc.*[15] In *Capital Solutions*, the Court observed that "Judges in this district have repeatedly found that Fed. R. Civ. P. 9(g) governs the pleading of punitive damages in diversity cases filed in this district."[16] In applying Rule 9(g) to a claim for punitive damages, this Court has held that the pleading party "must, at a minimum, allege the circumstances upon which the punitive damages claim is made."[17] This is a relatively liberal standard, with "most courts now taki[ing] the position that allegations of special damage will be

---

[15] No. 08-2027-JWL-DJW, 08-2191-KHV-DJW, 2009 WL 1635894 (D. Kan. June 11, 2009).

[16] *Id.* at *8 (internal quotations omitted) (citing *Schnuelle v. C & C Auto Sales, Inc.*, 99 F. Supp. 2d 1294, 1299 (D. Kan. 2000) ("[C]ourts in this district have repeatedly found that Fed. R. Civ. P. 9(g) governs the pleading of punitive damages in federal courts.") (citing *Baumann v. Hall*, No. 98-2126-JWL, 1998 WL 513008 (D. Kan. July 15, 1998); *Whittenburg v. L. J. Holding Co.*, 830 F.Supp. 557 (D. Kan. 1993); *Heil v. Scholastic Book Fairs, Inc.*, No. 96-2514-GTV, 1997 WL 222407, at *1 (D. Kan. Apr. 21, 1997)). *See also Hinson v. Titan Tool, Inc.*, No. 93-1370-FGT, 1996 WL 473873, at *2 (D. Kan. May 31, 1996) ("Rule 9(g) applies [to punitive damage claims] in diversity cases brought under Kansas tort law."); *Comeau v. Rupp*, 762 F. Supp. 1434, 1449 (D. Kan. 1991) (denying motion to strike punitive damages claim after finding plaintiffs had complied with Rule 9(g) in pleading the claim).

[17] *Capital Solutions*, 2009 WL 1635894, at *8.

deemed sufficient for the purpose of Rule 9(g) if they are definite enough to enable the opposing party to prepare his or her responsive pleading and a defense to the claim."[18]

### 2. *Kansas law governing the recovery of punitive damages*

Before the Court may apply Rule 9(g) to Plaintiffs' punitive damages claim, the Court must understand the applicable law that provides for the recovery of punitive damages in this case. It is undisputed that Kansas punitive damages law applies to this case.[19] Under Kansas law, "[P]unitive damages may be awarded whenever the elements of fraud, malice, gross negligence, or oppression mingle in the controversy."[20] K.S.A. 60-3702(c) requires that the plaintiff seeking punitive damages has the burden "of proving, by clear and convincing evidence . . . that the defendant acted toward the plaintiff with willful conduct, wanton conduct, fraud or malice."[21] When the defendant is the employer, K.S.A. 60-3702(d) provides that the employer may not be held liable for punitive damages based on the acts of the employee "unless the questioned conduct was authorized or ratified by a person expressly empowered to do so on behalf of the . . . employer."[22]

Thus, in this case, to the extent Plaintiffs are seeking to recover punitive damages against Defendant based on the wrongful conduct of Defendant's employee(s), Plaintiffs must establish two

---

[18] 5A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1311 at 354-55 (3d ed. 2004).

[19] The parties agree that Kansas law, and, in particular, K.S.A 60-3702, applies to this case. *See* Def.'s Mot. to Dismiss and/or for More Definite Statement as to Count IV of Pls.' First Am. Compl. (ECF No. 146) at 1; Pls.' Resp. and Suggestions in Opp'n to Mot. to Dismiss and/or for More Definite Statement of Count IV of Pls.' First Am. Compl. (ECF No. 162) at 3, 5.

[20] *Tetuan v. A. H. Robins Co.*, 241 Kan. 441, 481 (1987) (citing *Wooderson v. Ortho Pharm. Corp.*, 235 Kan. 387, Syl. ¶ 16, 681 P.2d 1038 (1984)).

[21] K.S.A. 60-3702(c).

[22] K.S.A. 60-3702(d)(1).

important elements at trial: (1) Defendant's employee(s) acted with willful conduct, wanton conduct, fraud or malice towards Plaintiff A. H.; and (2) the employee(s)' wrongful conduct was authorized or ratified by a person expressly empowered to do so on behalf of Defendant.

In *Rothwell v. Werner Enterprises, Inc.*,[23] this Court summarized Kansas law regarding authorization and ratification under the Kansas punitive damages statute.[24] Relying on the Kansas Supreme Court's 1993 decision in *Smith v. Printup,*[25] Judge Lungstrum stated as follows:

> Authorization under [the Kansas punitive damages statute] may be either express or implied. It may be based on an express grant of authority or on a course of conduct indicating that the employee has been given the right to engage in the conduct at issue. Ratification, too, may be either express or implied, and may be accomplished before, during or after the employee's questioned conduct. Ratification may be proved by evidence of a course of conduct indicating the sanctioning or confirmation of the conduct at issue.[26]

Judge Lungstrum observed that the employee's wrongful conduct may be "expressly or impliedly authorized or ratified by certain acts (or the failure to act) on the part of [the defendant employer.]"[27] He also noted that "[a] broad range of employer conduct may be considered in determining whether there has been authorization or ratification."[28]

---

[23] 859 F.Supp. 470 (D. Kan. 1994).

[24] *Rothwell* analyzed authorization and ratification under K.S.A. 60-3701 rather than 60-3702; however, the relevant portions of the two statutes are identical. By its express terms, K.S.A. 60-3701 applies to causes of action accruing between July 1, 1987 and before July 1, 1988 (*see* K.S.A. 60-3701(i), while K.S.A. 60-3702 applies to cause of action accruing on July 1, 1988 or after (*see* K.S.A. 60-3702(h).

[25] 254 Kan. 315, 866 P.2d 985 (1993).

[26] *Rothwell*, 859 F.Supp. at 476-77.

[27] *Id*. at 477.

[28] *Id*.

7

### C. Should Count IV Be Dismissed?

The Court holds that Plaintiffs have satisfied Rule 9(g) and sufficiently pled that (1) an employee of Defendant acted with willful conduct, wanton conduct, fraud or malice towards Plaintiff A. H., and (2) the employee's wrongful conduct was authorized or ratified by Defendant. As set out in detail in Section II, above, Plaintiffs have alleged that Defendant's employee, Cathleen Vincent, inflicted physical and verbal abuse on two-year old Plaintiff A. H. by biting him, pulling and dragging him by his hair, and locking him in a closet, and that she acted in a willful, wanton, fraudulent, and malicious manner towards A. H.[29] These allegations sufficiently plead the element that an employee of Defendant acted in a willful, wanton, fraudulent and malicious manner.

The First Amended Complaint also makes sufficient allegations regarding authorization and/or ratification. It alleges generally that "Defendant and its employees, agents, managers and directors ratified and/or authorized the wanton, reckless, willful, and/or malicious acts and misconduct of the employees, agents, managers, and directors. . . ."[30] It also alleges specifically that the Director failed to report the abuse to SRS and that when two of Defendant's employees reported the alleged abuse, Defendant terminated those employees and then lost or destroyed their employment files.[31] The First Amended Complaint further alleges that following the SRS investigation and official determination that Ms. Vincent had engaged in abuse and was a danger to children, Defendant failed to reprimand its employees for the abuse itself and for the failure to

---

[29] First Am. Compl., ¶¶ 23, 62.

[30] *Id.* ¶ 66.

[31] *Id.* ¶ 24.

report the abuse.[32] These allegations are sufficient to show that Defendant engaged in a course of conduct that sanctioned or tolerated the abuse.

In short, the Court holds that Plaintiffs' First Amended Complaint sufficiently alleges the circumstances upon which the punitive damages claim is made, including the claim that Defendant authorized or ratified the employee's tortious conduct.[33] The Court therefore declines to dismiss Plaintiffs' claim for punitive damages under Count IV..

## IV. Alternative Request for More Definite Statement Pursuant to Rule 12(e)

As noted above, Defendant asks the Court to require Plaintiffs to make "a more definite statement" of their punitive damages claim in the event the Court declines to dismiss Count IV. The Court therefore now turns to the legal standard for determining whether to a grant a Ruled 12(e) motion for more definite statement.

### A. Law Regarding Rule 12(e) Motions for More Definite Statement

Pursuant to Federal Rule of Civil Procedure 12(e), "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response."[34] A motion for a more definite statement will not be granted merely because the pleading lacks detail.[35] Rather, "the standard to be applied is whether the claims alleged are sufficiently specific to enable a responsive pleading in the

---

[32]*Id.* ¶¶ 29-30.

[33]*Capital Solutions*, 2009 WL 1635894, at *8.

[34] Fed. R. Civ. P. 12(e).

[35]*Williams v. Cutting Edge Hairstyling*, No. 10-2174-CM-DJW, 2010 WL 5463056, at *1 (D. Kan. Dec. 2010) (citing *Creamer v. Ellis County Sheriff Dep't*, No. 08-4126-JAR, 2009 WL 484491, at *1 (D. Kan. Feb. 26, 2009) (citation omitted).

9

form of a denial or admission."[36] The moving party should instead use the discovery process to learn additional details regarding the claims.[37] In other words, Rule 12(e) "is designed to strike at unintelligible pleadings rather than pleadings that lack detail."[38]

The decision whether to grant a motion for a more definite statement lies within the sound discretion of the court.[39] Due to the minimal pleading requirements of the Federal Rules of Civil Procedure, Rule 12(e) motions for a more definite statement are generally disfavored, and are properly granted only when a party is unable to determine the issues to which a response is required.[40]

**B.    Is Defendant Entitled to a More Definite Statement as to Count IV?**

Applying the above-cited standards, the Court concludes that Plaintiff's alternative request for more definite statement should be denied. The allegations regarding Ms. Vincent's alleged abuse and Defendant's alleged authorization and/or ratification of the alleged abuse are sufficiently specific to enable a responsive pleading in the form of a denial or admission. Plaintiff's request for a more definite statement is therefore denied.

---

[36]*Id.* (citing *Creamer*, 2009 WL 484491, at *1).

[37]*Id.* (citing *Creamer*, 2009 WL 484491, at *1).

[38]*Id.* (citing *Creamer*, 2009 WL 484491, at *1).

[39]*Id.* (citing *Creamer*, 2009 WL 484491, at *1).

[40]*Id.* (citing *Creamer*, 2009 WL 484491, at *1).

**IT IS THEREFORE ORDERED** that Defendant's Motion to Dismiss and/or for More Definite Statement as to Count IV of Plaintiffs' First Amended Complaint (ECF No. 146) is denied.

**IT IS SO ORDERED.**

Dated in Kansas City, Kansas on this 24th day of May, 2011.

<u>s/David J. Waxse</u>
David J. Waxse
U.S. Magistrate Judge

cc: All counsel and pro se parties