DJW/1

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| A. H., a Minor, by and through his next friends and natural parents Steven Hohe and Velvet Hohe, et al., | Civil Action |
| Plaintiffs, | No. 09-2517-DJW |
| v. | |
| KNOWLEDGE LEARNING CORP., d/b/a Children's World Learning Center, also d/b/a Kindercare Learning Center, | |
| Defendant. | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendant's Motion to Dismiss Count III and/or for More Definite Statement as to Count I of Plaintiffs' First Amended Complaint (ECF No. 148). For the reasons set forth below, the motion is denied.

**I.      Background Information**

This is a tort action brought by a minor child, A. H., by and through his father and mother and "next friends" Steven and Velvet Hohe. The action is also brought by Steven Hohe and Velvet Hohe, individually. Plaintiffs claim that A. H. was subjected to abuse by an employee of Defendant, Cathleen Vincent, while A. H. was at child care facility owned and operated by Defendant.

Plaintiffs' First Amended Complaint alleges four counts; however only two counts are at issue in this motion, Count I and III. Count I asserts a claim for negligent hiring and supervision and is brought by A. H., by and through his parents and Next Friends Steven and Velvet Hohe. Count I alleges that "[t]he negligence of Defendant Children's World in hiring and/or retaining Cathleen Vincent, Pamela Amaral, teachers, and their supervisors" caused A. H. to suffer physical

and psychiatric injuries and will cause Plaintiff to continue to suffer physical and psychiatric harm into the future.[1]  A. H. prays for judgment under Count I "for a sum in excess of $75,000.00."[2]

Count III, on the other hand, is brought by Steven and Velvet Hohe individually, and asserts that Steven and Velvet Hohe have been injured and damaged in the following manner:

> a.  They have sustained and will in the future sustain expenses for medical care for minor Plaintiff A. H., the exact nature and extent of which are unknown at this time; and
>
> b.  They have been deprived of the services of their son and have otherwise been injured and damaged because of the injuries suffered by their son.[3]

In other words, Steven and Velvet Hohe seek to recover in Count III for A. H.'s past and future medical and psychiatric expenses and for the loss of A. H.'s services. Count III prays for judgment in favor of Steven and Velvet Hohe in an amount exceeding $75,000.00.[4]

Defendant moves to dismiss with prejudice Count III, arguing two points. **First**, Defendant argues that Plaintiffs are making duplicative claims to recover expenses: the first claim is being made by A. H. through his parents and Next Friends in Count I, while the second is being made by A. H.'s parents, Steven and Velvet Hohe, in Count III. Defendant contends theses claims will result in a duplicative recovery, and that the parents' claim to recover expenses set forth in Count III should be dismissed with prejudice. In the alternative, Defendant asks the Court to require Plaintiffs

---

[1] First Am. Compl. (ECF No. 142), Count I, ¶¶ 49-51.

[2] *Id.*, Wherefore Clause, Count I.

[3] *Id.*, Count III, ¶ 59.

[4] *Id.*, Wherefore Clause, Count III.

to provide a more definite statement as to Count I, i.e. "to identify the categories of damages they pursue under said count."[5]

**Second**, Defendant argues that Steven and Velvet Hohe's claim to recover for A. H.'s services is not a claim that is recognized under Kansas common or statutory law. Defendant therefore argues that it, too, should be dismissed.

II.     **Motion to Dismiss Steven and Velvet Hohe's Claim for Medical Expenses Contained in Count III and/or for More Definite Statement as to Count I**

The Court finds Defendant's motion as to this issue to be mooted by the parties' proposed Pretrial Order, which the Court will be filing soon. Section 10 of that Pretrial Order, which is entitled "Damages," clearly indicates that it is Plaintiffs Steven and Velvet Hohe who seek to recover for Plaintiff's "past medical expenses,"[6] while it is A. H. who seeks to recover for "future life care plan/medical expenses."[7] Thus, under the Pretrial Order, Plaintiffs make no attempt to seek a duplicative recovery of A. H.'s medical expenses, as Defendant maintains in its Motion to Dismiss. Because the Pretrial Order, when filed, will supercede Plaintiffs' First Amended Complaint,[8] there is no basis for the Court to dismiss Steven and Velvet Hohe's claim for medical expenses nor is there any reason to order Plaintiffs to provide a more definite statement as to the types of damages sought in Count I. Defendant's motion is therefore denied with respect to Plaintiffs' claim for medical expenses.

---

[5]Def.'s Mot. to Dismiss Count III and/or for More Definite Statement as to Count I of Pls.' First Am. Compl. (ECF No. 148) at 2.

[6]Parties' Proposed Pretrial Order, ¶ 10.a(1).

[7]*Id.* ¶ 10.a(2).

[8]*Weyerhaeuser Co. v. Brantley*, 510 F.3d 1256, 1267 (10th Cir. 2007) ("The subsequent pretrial order supercedes the pleadings.") (citing *Wilson v. Muckala*, 303 F.3d 1207, 1216 (10th Cir. 2002)).

**III.     Motion to Dismiss Steven and Velvet Hohe's Claim for Loss of A. H.'s Services Contained in Count III**

In the First Amended Complaint and the soon-to-be-filed Pretrial Order, Steven and Velvet Hohe assert a claim to recover for the loss of A. H.'s services.[9] Plaintiffs assert that a parent's claim to recover for the loss of a living minor child's services was recognized by the Kansas Supreme Court in the 1924 decision *Stone v. City of Pleasanton*.[10]

In *Stone*, the Kansas Supreme Court unequivocally held that a parent in a negligence action may recover for the loss of the services of a minor child.[11] The primary issue before the *Stone* Court was the nature of the damages a father could recover in a negligence action for personal injuries suffered by his minor child. The Court held that the father could not recover for any prospective damages— including prospective care, nursing or artificial arms for the child—except for the loss of the child's services.[12] In so ruling, the Court noted "the rule" in Kansas that a parent may recover damages for loss of the minor child's services.[13] The Court stated:

> The rule is that . . . the injured person can recover all the damages sustained by him from the time of his injury until the time of his death; *that <u>the father</u> can recover damages sustained by him by reason of nursing, medical care, and attention given in an effort to restore the boy to health, and <u>can recover damages sustained by reason of the loss of the services of the boy from the time of his injury until he becomes 21 years of age</u>*; but that <u>the father cannot recover on any item of damage for which the son can recover, nor any prospective damage other than loss of service.</u> Neither father nor son can recover for anything for which the other can recover. The

---

[9]*See* First Am. Compl. (ECF No. 142), Count III, ¶ 59.a; Joint Proposed Pretrial Order, Third Theory of Recovery, ¶ 6.a(3).

[10]115 Kan. 476, 223 P. 303 (1924).

[11]*Id*. at 303-04.

[12]*Id*. at 304.

[13]*Id*. at 303.

damages for which the father can recover, outside of loss of service, are limited to the expenses he has incurred in attempting to restore the boy to health.[14]

The Court also cited a treatise with approval, which recognized the same rule:

> For the personal injury and suffering of a child occasioned by a tort committed on it the father cannot recover any damages, but the child must sue therefor by its guardian or next friend. The common law, with its usual disregard of sentimental considerations, affords a parent . . . no remedy for an injury to his child. *He [the parent] can recover only for his pecuniary loss thereby, and his pecuniary loss includes two elements: His loss of the child's services and earnings, present and prospective to the end of the minority*, and the medical expenses incurred in effecting or attempting to effect a cure.[15]

Defendant urges the Court to disregard the *Stone* decision, arguing that a parent's claim for the loss of services of a living minor child "is an antiquated, outdated cause" that should be rejected by a modern-day Kansas court.[16] Defendant argues that recent Kansas cases have rejected claims brought by *children* in negligence actions to recover for the loss of a living *parent's* services, and this Court should therefore refuse to apply *Stone* and should dismiss Steven and Velvet Hohe's claim for loss of A. H.'s services. Defendant maintains it is "hard to believe that modern Kansas courts would most recently hold that a child cannot seek damages for an injured parent, but a parent may seek damages for 'loss of services' of an injured child.'"[17]

It is true that recent Kansas Supreme Court cases have rejected *children's* claims for the loss of a *parent's* services. For example, in a 2004 case, *Natalini v. Little,*[18] the Kansas Supreme Court

---

[14]*Id.* at 303 (emphasis added).

[15]*Id*. at 304 (quoting 20 R.C.L. 615).

[16]Def.'s Reply in Support of Mot. to Dismiss Count III and/or for More Definite Statement as to Count I of Pls.' First Am. Compl. (ECF No 173) at 7.

[17]*Id.*

[18]278 Kan. 140, 92 P.3d 567 (2004).

5

held that family members, including children of the injured plaintiff, could not assert a claim for pecuniary and non-pecuniary damages to recover for their own mental anguish and suffering, loss of protection, advice, counseling, attention and loss of pension and household services.[19] Also, in *Klaus v. Fox Valley Systems, Inc.*,[20] a 1996 decision, the Kansas Supreme Court held that "Kansas does not recognize that minor children have a cause of action against a tortfeasor for direct negligent injury to their parent, resulting in an indirect injury to them for loss of parental care and society."[21]

It is not clear to the Court whether the Kansas Supreme Court, if faced with the issue today, would apply the reasoning of *Natalini* and *Klaus* to conclude that a parent has no claim for loss of the minor child's services and to overrule *Stone*. It is clear, however, that as a federal district court sitting in diversity, this Court must apply the law of the forum state, as announced by the forum state's highest court.[22] It is well settled that "this court is duty-bound to follow controlling precedent" from the Kansas Supreme Court on state law issues.[23] As a result, it is not this Court's place to expand Kansas state law beyond the bounds already set by the Kansas Supreme Court.[24]

---

[19]*Id*. at 142, 146.

[20]259 Kan. 522, 912 P.2d 703 (1996).

[21]*Id*. at 531.

[22]*Blanke v. Alexander*, 152 F.3d 1224, 1228 (10th Cir. 1998) (citations omitted)

[23]*Cheek v. City of Edwardsville, Kan.*, No. 06-2210-JWL, 2007 WL 4163421, at *2 (D. Kan. Nov. 21, 2007), *aff'd,* 325 F. App'x 699 (10th Cir. Sept. 10, 2008).

[24]*See Parsells v. Manhattan Radiology Group, L.L.P.*, 255 F. Supp. 2d 1217, 1236 (D. Kan. 2003) ("It is not the place of this court . . . to expand Kansas state law beyond the bounds set by the Kansas Supreme Court.") (citations omitted). *See also Proctor & Gamble Co. v. Haugen*, 222 F.3d 1262, 1280 (10th Cir. 2000) ("[I]t is not our place to expand Utah state law beyond the bounds set by the Utah Supreme Court or, in the absence of Utah Supreme Court precedent, by the lower Utah courts.") (citations omitted).

Rather, this Court has the duty to ascertain and apply Kansas precedent as announced by the Kansas Supreme Court and to reach the same result that a Kansas court would reach.[25]

This Court finds that *Stone* is directly on point and that no Kansas case has overruled or modified it.[26] *Stone* sets forth the Kansas "rule" that a parent may recover damages sustained by reason of the loss of the services of his/her minor child from the time of the child's injury until the child reaches the age of twenty-one.[27] Accordingly, the Court holds that *Stone* is still good law and that Plaintiffs Steven and Velvet Hohe, as parents of their minor child A. H., have the right to assert a claim for loss A. H.'s services until he reaches twenty-one years of age. The Court must therefore deny Defendant's Motion to Dismiss the loss of services claim.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Dismiss Count III and/or for More Definite Statement as to Count I of Plaintiffs' First Amended Complaint (ECF No. 148) is denied.

---

[25]*Cooperman v. David*, 214 F.3d 1162, 1164 (10th Cir. 2000) ("[A] federal court sitting in diversity must ascertain and apply state law to reach the result the [forums state's] Supreme Court would reach if faced with the same question.") (citing *Shugart v. Central Rural Elec. Coop.*, 110 F.3d 1501, 1504 (10th Cir. 1997)); *Blanke,* 152 F.3d at 1228 (federal court sitting in diversity "must ascertain and apply [the state's] law with the objective that the result obtained in the federal court should be the result that would be reached in [the state] court.") (quoting *Wood v. Eli Lilly & Co.*, 38 F.3d 510, 512 (10th Cir. 1994)).

[26]The Court notes that the Kansas Supreme Court in a 1990 case, *Arche v. U. S. Dep't of Army*, 247 Kan. 276, 798 P.2d 477 (1990) recognized that *Stone* is still good law. In *Arche*, the Court observed that "[t]he typical case involving a claim for future expense arising from personal injuries to a minor is controlled by *Stone v. City of Pleasanton*, 115 Kan. 476, 223 P. 303 (1924)." *Arche*, 247 Kan. at 294. Thus, the Kansas Supreme Court as recently as 1990 recognized *Stone* as controlling precedent.

[27]*Stone*, 223 P. at 303.

**IT IS SO ORDERED.**

Dated in Kansas City, Kansas on this 1st day of June 2011.

s/ David J. Waxse  
David J. Waxse  
U.S. Magistrate Judge

cc: All counsel and pro se parties