## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

**A.H., a Minor, by and through**
**his next friends and natural parents**
**Steven Hohe and Velvet Hohe, et al.,**              **Civil Action**

              **Plaintiffs,**              **Case No. 09-2517-DJW**

**v.**

**KNOWLEDGE LEARNING CORP.,**
**d/b/a Children's World Learning Center,**
**also d/b/a Kindercare Learning Center,**

              **Defendant.**

### ORDER

This matter is before the Court on Defendant's objections to Plaintiff A.H.'s inclusion of twelve additional employees in Paragraphs 6.a.(1) and 6.a.(2) of the Pretrial Order, upon which A.H. bases his negligent hiring, training, retention, and supervision claims.[1] Defendant asserts that it is surprised by Plaintiff's expansion of his negligence claims to include these twelve employees. Defendant states that A.H. previously identified only Cathleen Vincent and Pamela Amaral as the employees upon which he was basing his negligence claims and argues that A.H. should not be allowed to identify twelve additional employees for the first time in the Pretrial Order.

The Court's review of the First Amended Complaint leads the Court to conclude otherwise. Count I of the First Amended Complaint asserts A.H.'s claim for negligent hiring and supervision. (A.H. has since expanded his claims to also include negligent training and retention.) A.H. alleges

---

[1] Plaintiff A.H. identifies the following twelve additional employees in Plaintiffs' Proposed ¶¶ 6.a.(1) and 6.a.(2) of the Pretrial Order: Rebecca Stiner, Lucretia Hinson, Vicki Matherly, Rachel Kemper, Cora Marshall, Christine Seve, Christi Smith, Jennifer Tacheny, Nicole Schmidt, Lajuana Roark, Amber Coleman and Barbara Herbert,

in Count I that Defendant negligently hired and retained "Cathleen Vincent, Pamela Amaral, teachers, and their supervisors."[2]  Count I also makes numerous other allegations regarding "Cathleen Vincent, Pamela Amaral, teachers and the supervisors of these individuals."[3]  In light of these allegations, the Court fails to see how Defendant can claim surprise that A.H. is basing his negligence claims on employees other than Cathleen Vincent and Pamela Amaral.  Defendant had more than three months after the filing of the Amended Complaint to conduct discovery to determine who the "teachers and the supervisors of these individuals" were.[4]  Defendant's failure to conduct such discovery should not serve as grounds to preclude A.H. from identifying these individuals in the Pretrial Order.

In light of the above, the Court holds that A.H. should be allowed to identify the employees in the Pretrial Order, so long as the identified employees fall within the category of (1) teachers, (2) the supervisors of the teachers, or (3) the supervisors of Cathleen Vincent and Pamela Amaral.

The Court does not have sufficient information to determine whether the twelve additional employees listed in the Pretrial Order fall within any of these three categories.  By **5:00 p.m. on June 17, 2011**, A.H. shall e-mail the Court and Defendant with this information.  By **noon on June 20, 2011**, Defendant shall inform the Court whether it agrees with A.H.'s categorization of the employees at issue.

In sum, the Court rules that Plaintiff A.H. is entitled to identify in Paragraphs 6.a.(1) and 6.a.(2) of the Pretrial Order any individuals who fall within one of the three categories set forth

---

[2]First Am. Compl. (ECF No.142) ¶ 49.

[3]*Id*. ¶¶ 46-48.

[4]The First Amended Complaint was filed on November 1, 2010 and discovery closed on February 14, 2010.

above. The Court therefore overrules Defendant's objections to Plaintiff A.H.'s inclusion of twelve additional employees in Paragraphs 6.a.(1) and 6.a.(2) of the Pretrial Order to the extent the employees fall within one of the three categories set forth above. To the extent an employee does not fall within one of the three categories, Defendant's objections are sustained, and the employee shall not be listed in Paragraphs 6.a.(1) and 6.a.(2) of the Pretrial Order

**IT IS SO ORDERED.**

Dated in Kansas City, Kansas on this 16th day of June, 2011.

s/ David J. Waxse
David J. Waxse
U.S. Magistrate Judge

cc:     All counsel and pro se parties