IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

A. H., a Minor, by and through
his next friends and natural parents
Steven Hohe and Velvet Hohe, et al.,　　　　　　Civil Action

　　　　　　Plaintiffs,　　　　　　No. 09-2517-DJW

v.

KNOWLEDGE LEARNING CORP.,
d/b/a Children's World Learning Center,
also d/b/a Kindercare Learning Center,

　　　　　　Defendant.

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant's Motion for Summary Judgment as to Count III (ECF No. 202). For the reasons set forth below, the motion is denied.

I.　**Background Information**

This is a tort action brought by a minor child, A. H., by and through his father and mother and "next friends" Steven and Velvet Hohe. The action is also brought by Steven Hohe and Velvet Hohe, individually. Plaintiffs claim that A. H. was subjected to abuse by an employee of Defendant, Cathleen Vincent, while A. H. was at a child care facility owned and operated by Defendant.

Defendant moves for summary judgment on Count III of the First Amended Complaint, which is now incorporated into the Pretrial Order as Plaintiffs' Third Theory of Recovery.[1]  Because

---

[1] *See* Pretrial Order (ECF No. 286), Third Theory of Recovery, ¶ 6.a.(3).

the Pretrial Order supercedes the prior pleadings,[2] the Court will refer to Plaintiffs' claims as they are pled in the Pretrial Order.

In Plaintiffs' Third Theory of Recovery, Steven and Velvet Hohe seek to recover for the medical expenses they claim A. H. sustained as a result of his claimed injuries and to recover for the loss of A. H.'s services. Defendant seeks summary judgment on this Third Theory of Recovery, arguing two points.

**First**, Defendant argues that Plaintiffs are making two, duplicative claims to recover medical expenses. Defendant asserts that the first claim is being made by A. H., through his parents and next friends, in A. H.'s negligence claims, now incorporated into the Pretrial Order's First and Second Theories of Recovery.[3] Defendant maintains that a second claim is being made A. H.'s parents, Steven and Velvet Hohe, in the Third Theory of Recovery.[4] Defendant contends that these claims will result in a duplicative recovery, and that Defendant is therefore entitled to summary judgment on the parents' claim to recover expenses set forth in the Third Theory of Recovery.

**Second**, Defendant argues that Steven and Velvet Hohe's claim to recover for A. H.'s services is not a claim that is recognized under Kansas common or statutory law. Defendant targues that it is therefore entitled to summary judgment on the loss of services claim.

---

[2]*Weyerhaeuser Co. v. Brantley*, 510 F.3d 1256, 1267 (10th Cir. 2007) ("The subsequent pretrial order supercedes the pleadings.") (citing *Wilson v. Muckala,* 303 F.3d 1207, 1216 (10th Cir. 2002)). *See also* D. Kan. 16.2(c) ("The pretrial order . . . controls the subsequent course of the action unless modified by: (1) consent of the parties and court; or (2) an order of the court to prevent manifest injustice."

[3]*See* Pretrial Order (ECF No. 286), Pls.' First and Second Theories of Recovery, ¶¶ 6.a.(1) & (2).

[4]*See id.*, Pls.' Third Theory of Recovery, ¶ 6.a.(3).

## II. Plaintiffs' Claims for Medical Expenses

Defendant made similar arguments regarding the asserted duplicative claims for medical expenses in its Motion to Dismiss Count III and/or for More Definite Statement as to Count I of Plaintiffs' First Amended Complaint (ECF No. 148) ("Motion to Dismiss"). The Court rejected those arguments in its Memorandum and Order of June 1, 2011 denying that motion (ECF No. 261).

As the Court noted in its Memorandum and Order, this issue is mooted by Paragraph 10 of the Pretrial Order. That paragraph, which is entitled "Damages," clearly indicates that it is Plaintiffs Steven and Velvet Hohe who seek to recover for Plaintiff's "past medical expenses,"[5] while it is A. H. who seeks to recover for "future life care plan/medical expenses."[6] Thus, under the Pretrial Order, Plaintiffs make no attempt to seek a duplicative recovery of A. H.'s medical expenses, as Defendant maintains in its Motion for Summary Judgment. Because the Pretrial Order supercedes Plaintiffs' First Amended Complaint, and the Pretrial Order makes no duplicative claims for the recovery of medical expenses, there is no basis for the Court to enter summary judgment on Steven and Velvet Hohe's claim for medical expenses, as set forth in Plaintiffs' Third Theory of Recovery. The Court therefore denies the Motion for Summary Judgment with respect to Steven and Velvet Hohe's claim to recover for A. H.'s medical expenses.

## III. Steven and Velvet Hohe's Claim for Loss of A. H.'s Services

Defendant makes the same arguments with respect to Steven and Velvet Hohe's claim for loss of A. H.'s services that it made in its Motion to Dismiss. The Court rejected those arguments in its June 1, 2011 Memorandum and Order, and held that Kansas does indeed recognize a parent's

---

[5] *Id.*, ¶ 10.a.(1).

[6] *Id.* ¶ 10.a.(2).

claim to recover for a minor child's loss of services under the Kansas Supreme Court's decision in *Stone v. City of Pleasanton*.[7] The Court held in its Memorandum and Order that *Stone* is still good law and that Plaintiffs Steven and Velvet Hohe, as parents of their minor child A. H., have the right to assert a claim for loss A. H.'s services until he reaches the age of twenty-one .[8] The Court's ruling is dispositive of the instant issue. The Court therefore denies the Motion for Summary Judgment with respect to Steven and Velvet Hohe's claim to recover for the loss of A. H.'s services.

**IT IS THEREFORE ORDERED** that Defendant's Motion for Summary Judgment as to Count III (ECF No. 202) is denied.

**IT IS SO ORDERED.**

Dated in Kansas City, Kansas on this 21st day of June 2011.

s/ David J. Waxse<br>
David J. Waxse<br>
U.S. Magistrate Judge

cc:     All counsel and pro se parties

---

[7] 115 Kan. 476, 223 P. 303 (1924).

[8] June 1, 2011 Mem. & Order (ECF No. 261) at 7.