IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

A. H., a Minor, by and through
his next friends and natural parents
Steven Hohe and Velvet Hohe, et al.,

        Plaintiffs,

v.

KNOWLEDGE LEARNING CORP.,
d/b/a Children's World Learning Center,
also d/b/a Kindercare Learning Center,

        Defendant.

Civil Action

No. 09-2517-DJW

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant's Motion to Reconsider and/or Revise Order as to Defendant's Motion for Summary Judgment Concerning Count IV (ECF No. 294), in which Plaintiff A. H. seeks to recover punitive damages. For the reasons set forth below, the motion is granted.

**I.**    **Background Information**

This is a tort action brought by a minor child, A. H., by and through his father and mother and "next friends" Steven and Velvet Hohe.[1] The action is also brought by Steven Hohe and Velvet Hohe, individually. Plaintiffs claim that A. H. was subjected to abuse by Cathleen Vincent, an employee of Defendant, while A. H. was at a day care facility owned and operated by Defendant (the "Day Care Facility"). Ms. Vincent was A. H.'s teacher while he was a two-year old enrolled at the Day Care Facility.

Defendant moved for summary judgment on Count IV of the First Amended Complaint.

---

[1]Pursuant to Fed. R. Civ. P. 17(c)(2), a minor "who does not have a duly appointed representative may sue by a next friend or by a guardian ad litem." In this case, the minor Plaintiff A. H. sues by his "next friends," his parents, Steven and Velvet Hohe.

Because that count was incorporated into the Pretrial Order,[2] and because the Pretrial Order superceded the prior pleadings,[3] the Court considered Plaintiffs' claims as pled in the Pretrial Order.[4] Given its view of the claims, the Court granted the motion to the extent A. H. sought punitive damages based on negligent hiring, training, retention, and supervision causes of action, but denied the motion to the extent he sought to recover punitive damages based on wanton conduct of Defendant's employee, Cathleen Vincent, and Defendant's ratification or authorization of her conduct.[5]

## II.   Plaintiffs' Claims

Plaintiff A. H., through his parents and next friends, asserts causes of action for negligent hiring, training, retention, and supervision. In the Pretrial Order's First Theory of Recovery, A. H. asserts that Defendant negligently hired, trained, and retained Cathleen Vincent, a teacher at the Day Care Facility, and Pam Amaral, the Director of the Day Care Facility, along with eleven other specified employees of the Day Care Facility.[6] In Plaintiffs' Second Theory of Recovery, A. H. asserts that Defendant also negligently supervised those thirteen employees.[7] In the Fourth Theory

---

[2] *See* Pretrial Order (ECF No. 286), Pls.' Fourth Theory of Recovery, ¶ 6.a.(4).

[3] *Weyerhaeuser Co. v. Brantley*, 510 F.3d 1256, 1267 (10th Cir. 2007) ("The subsequent pretrial order supercedes the pleadings."). *See also* D. Kan. Rule 16.2(c) ("The pretrial order . . . controls the subsequent course of the action unless modified by: (1) consent of the parties and court; or (2) an order of the court to prevent manifest injustice.")

[4] *See* Mem. & Order (ECF No. 288) at 2.

[5] *Id.* at 16-19.

[6] *See* Pretrial Order, Pls.' First Theory of Recovery, ¶ 6.a.(1).

[7] *Id.*, Pls.' Second Theory of Recovery, ¶ 6.a.(2).

of Recovery, A. H. asserts a separate claim to recover five million dollars in punitive damages.[8]

Plaintiffs allege in the Pretrial Order that A. H. was abused while at Defendant's Child Care Facility. They claim as follows:

> Multiple daycare teachers witnessed [Cathleen Vincent] physically, mentally, and verbally abuse A.H. on multiple occasions. Eyewitnesses [and Defendant's employees] Lucretia Hinson and Becky Steiner saw Cathleen Vincent bite A.H. on two separate occasions. Additionally, on a separate occasion, Ms. Vincent was observed pulling A. H. by his hair, and forcing him into a bathroom or closet and closed the door while he kicked and screamed behind it. Ms. Vincent may also have perpetrated additional acts of child abuse on A. H.[9]

### III. Brief Summary of the Parties' Arguments

Pursuant to Fed. R. Civ. P. 54(b), Defendant asks the Court to reconsider its ruling that Plaintiffs may present evidence at trial on a claim for punitive damages based on a theory that Defendant's employee acted in a wanton manner and that Defendant authorized or ratified that conduct. Defendant argues that Kansas law does not permit punitive damages against an employer under a claim of vicarious liability when Plaintiffs have asserted no such claim and the alleged employee abuser is not a named party. Relatedly, it argues that Kansas law does not permit punitive damages unless the plaintiff has obtained actual damages on his underlying claims. Plaintiffs argue that they may pursue punitive damages based on conduct of a non-party employee, and that the Court previously rejected Defendant's arguments because they were raised in the reply brief in support of the motion for summary judgment.

### IV. Standard for Ruling on a Motion for Reconsideration

A motion to reconsider a partial summary judgment ruling "is considered 'an interlocutory

---

[8] *Id.*, Pls.' Fourth Theory of Recovery, ¶ 6.a.(4); Pls.' Damages, ¶ 10.a.(5). These paragraphs of the Pretrial Order clearly reflect that A. H. is the only plaintiff seeking punitive damages.

[9] *Id.*, Pls.' Contention, ¶ 5.a.(7).

motion invoking the district court's general discretionary authority to review and revise interlocutory rulings prior to entry of final judgment.'"[10] Rule 54(b) of the Federal Rules of Civil Procedure grants the federal courts discretion to revise such interlocutory orders at any time prior to the entry of final judgment."[11] Although partial summary judgment rulings do not fall neatly within D. Kan. Rule 7.3(b), which addresses reconsideration of non-dispositive rulings,[12] or Fed. R. Civ. P. 59(e) or 60(b), which address relief from final judgments, the essentially identical standards of the local rule and Rule 59(e) govern requested reconsideration under Rule 54(b).[13]

The Court may grant reconsideration under D. Kan. Rule 7.3(b) or Rule 59(e) when the movant has shown "(1) an intervening change in controlling law, (2) the availability of new evidence, or (3) the need to correct clear error or prevent manifest injustice."[14]

> A motion to reconsider may be granted to correct manifest errors, or in light of newly discovered evidence; such a motion is directed not at initial consideration but reconsideration, and is appropriate only if the court has obviously misapprehended a

---

[10]*Fye v. Okla. Corp. Comm'n*, 516 F.3d 1217, 1224 n.2 (10th Cir. 2008) (quoting *Wagoner v. Wagoner*, 938 F.2d 1120, 1122 n.1 (10th Cir. 1991)).

[11]*Ferluga v. Eickhoff*, 236 F.R.D. 546, 549 (D. Kan. 2006); *accord Wagoner*, 938 F.2d at 1122 n.1.

[12]Disagreement exists as to whether to characterize partial summary judgment orders as dispositive or non-dispositive. *Compare Ferluga*, 236 F.R.D. at 549 (finding such order was dispositive because it terminated a claim) *with Coffeyville Res. Ref. & Mktg., LLC v. Liberty Surplus Ins. Corp.*, 748 F. Supp. 2d 1261, 1264 (D. Kan. 2010) (finding such order was non-dispositive within the meaning of D. Kan. Rule 7.3 because it was not a final order or judgment that disposed of all remaining claims in the case). The distinction is academic except that different deadlines may apply. *See Coffeyville Res. Ref. & Mktg., LLC*, 748 F. Supp. 2d at 1264 n.2.

[13]*See Ferluga*, 236 F.R.D. at 549.

[14]*Compare* D. Kan. Rule 7.3(b) (setting out standard for reconsideration of non-dispositive orders) *with Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (setting out same standard under Rule 59(e)). *See also Ferluga*, 236 F.R.D. at 549 (recognizing same standards for both rules).

party's position, the facts, or applicable law, has mistakenly decided issues not presented for determination, or the moving party produces new evidence which it could not have obtained through the exercise of due diligence.[15]

"The party moving for reconsideration has the burden to show that there has been a change of law, that new evidence is available, or that reconsideration is necessary to correct clear error or prevent manifest injustice."[16] Reconsideration is not an opportunity "to revisit issues already addressed or advance arguments that could have been raised in prior briefing."[17]

## V. Discussion

The parties agree that the substantive law of Kansas applies to this case.[18] Under Kansas law, "[p]unitive damages may be awarded whenever the elements of fraud, malice, gross negligence, or oppression mingle in the controversy."[19] The presence of these elements, however, do not automatically entitle plaintiff to such damages.[20] In fact, the plain language of K.S.A. 60-3702 reveals a legislative intent that punitive damages are discretionary.[21]

To warrant punitive damages under K.S.A. 60-3702(c), the plaintiff must prove "by clear and convincing evidence . . . that the defendant acted toward the plaintiff with willful conduct, wanton

---

[15] *Doerge v. Crum's Enters., Inc.,* No. 05-1019-JTM, 2007 WL 1202450, at *1 (D. Kan. Apr. 23, 2007) (citing *Anderson v. United Auto Workers*, 738 F. Supp. 441, 442 (D. Kan. 1989)).

[16] *Classic Communc'ns, Inc. v. Rural Tel. Serv. Co.*, 180 F.R.D. 397, 399 (D. Kan. 1998) (citations and internal quotation marks omitted).

[17] *Ferluga*, 236 F.R.D. at 549 (citing *Servants of Paraclete*, 204 F.3d at 1012).

[18] Pretrial Order (ECF No. 286), Governing Law, ¶ 3.d.

[19] *Tetuan v. A. H. Robins Co.*, 241 Kan. 441, 481 (1987).

[20] *Trendel v. Rogers*, 24 Kan. App. 2d 938, 942 (Kan. Ct. App. 1998).

[21] *Id.*

conduct, fraud or malice."[22] In no case, however, will punitive damages be assessed against an employer "for the acts of an agent or employee unless the questioned conduct was authorized or ratified by a person expressly empowered to do so on behalf of the . . . employer."[23] Additionally, "actual damages are a prerequisite to punitive damages" in Kansas.[24]

Based on the Pretrial Order entered in this case, A.H. only pursues claims of negligent hiring, training, retention, and supervision.[25] As the Court previously found, these claims "do not, as a matter of law, provide an independent basis for recovering punitive damages against the employer."[26]

Although the partial denial of the motion for summary judgment permits A. H. to proceed with a claim of punitive damages on a theory that Defendant authorized or ratified alleged wanton conduct of its employee, Cathleen Vincent,[27] that theory has no independent, underlying claim to which to attach.[28] Claims for punitive damages do not stand in isolation; they are instead tied to

---

[22] K.S.A. 60-3702(c).

[23] K.S.A. 60-3702(d)(1).

[24] *Morsey v. Chevron, USA, Inc.*, 94 F.3d 1470, 1477 (10th Cir. 1996).

[25] *See* Pretrial Order, Pls.' First and Second Theories of Recovery, ¶¶ 6.a.(1) and (2).

[26] *See* Mem. & Order (ECF No. 288) at 19.

[27] *Id.* at 16.

[28] In response to the motion for summary judgment, A.H. contended that paragraphs 36 and 39 of the First Amended Complaint (ECF No. 142) set out a vicarious liability claim against Defendant even though they were contained within his claims of negligent hiring and supervision. *See* Minor Pl. A. H.'s Resp. Def.'s Mot. Summ. J. as to Count IV (ECF No. 223) at 2. He also argued in that response that his allegation of vicarious liability "provides the necessary prerequisite to establishing a claim for punitive damages." *Id.* at 25. Despite the summary judgment response, no plaintiff asserted a vicarious liability claim in the Pretrial Order. By failing to assert such claim in the Pretrial Order, Plaintiffs have waived the claim. *See Wilson v. Muckala*, 303 F.3d 1207, 1215 (10th Cir. 2002).

liability determinations on claims presented to the trier of fact.[29]  "A claim for punitive damages is not a 'cause of action' triable to a jury; a punitive damage award is incident to and dependent upon the recovery of actual damages."[30]

Given the final version of the Pretrial Order entered in this case, the Court misapprehended Plaintiff's A. H.'s ultimate position with respect to asserting a vicarious liability claim and mistakenly allowed him to pursue a claim for punitive damages without the claim being connected to any asserted underlying basis for actual damages.  Defendant has carried its burden to show that reconsideration is necessary to correct the clear error and prevent manifest injustice.[31]  It is unjust to permit Plaintiff to pursue a claim for punitive damages when success on his underlying claims would not support an award of such damages.  Without an underlying claim to properly attach his claim for punitive damages, A. H.'s claim for punitive damages based upon the Defendant's ratification or authorization of wanton conduct by an employee cannot stand as a matter of law.

## VI.    Conclusion

Defendant's Motion to Reconsider and/or Revise Order as to Defendant's Motion for Summary Judgment Concerning Count IV (ECF No. 294) is granted.  Upon reconsideration, the Court revises its prior order to reflect that Defendant's Motion for Summary Judgment as to Count IV of the First Amended Complaint (ECF No. 206) is granted in its entirety.  Plaintiff A.H. has no

---

[29]*Mason v. Texaco, Inc.*, 948 F.2d 1546, 1554 (10th Cir. 1991) (applying Kansas law).

[30]*Smith v. Printup*, 254 Kan. 315, 322 (Kan. 1993).

[31]Because the Court entered the finalized Pretrial Order the same day that it partially denied Defendant's motion for summary judgment, the motion for reconsideration does not raise arguments that could have been presented in prior briefing.  To the extent Defendant raised a form of its current arguments in his reply brief on the summary judgment motion, the Court did not consider the arguments.  *See Rubio v. Turner Unified School Dist. No. 202*, 523 F. Supp. 2d 1242, 1252 (D. Kan. 2007) (noting that courts do not consider new arguments raised in a reply brief).

remaining claim for punitive damages.

**IT IS SO ORDERED.**

Dated in Kansas City, Kansas on this 13th day of July 2011.

s/ David J. Waxse
David J. Waxse
U.S. Magistrate Judge

cc: All counsel and pro se parties